FILED
APR - 6 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OBIDIMKPA U. IKEZUAGU,<br>3416 Park Place, NW<br>Washington, D.C. 20010<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A.,<br>101 South Tryon Street<br>Charlotte, North Carolina 28255<br><br>Defendant. | CASE NUMBER 1:06CV00634<br><br>JUDGE: Gladys Kessler<br><br>DECK TYPE: General Civil<br><br>DATE STAMP: 04/06/2006 |

### NOTICE OF REMOVAL

Defendant Bank of America, N.A. ("Defendant" or the "Bank"), by counsel, pursuant to the provisions of 28 U.S.C. § 1331, 28 U.S.C. § 1441 and 28 U.S.C. § 1446, hereby gives notice of the removal of the above-styled proceeding from the Superior Court for the District of Columbia. As grounds for removal, the Bank states as follows:

1.  This proceeding was initiated in the Superior Court for the District of Columbia on March 15, 2006, by the filing of a Complaint by the Plaintiff, Obidimkpa U. Ikezuagu ("Plaintiff"), against the Bank.

2.  In the Complaint, Plaintiff seeks statutory, compensatory and punitive damages, and asserts claims against the Bank for violation of the federal Fair Credit Reporting Act, 15 U.S.C. § 1681, *et. seq*, "Loss of Opportunity," defamation and negligence.

3.  The controversy between Plaintiff and the Bank involves a federal question over which this Court has original jurisdiction pursuant to the provisions of 28 U.S.C. § 1331, and which is removable to this Court pursuant to 28 U.S.C. § 1441 and 28 U.S.C. 1446. Specifically,

the matter in controversy arises out of the application of the federal Fair Credit Reporting Act, 15 U.S.C. § 1681, *et. seq.*

4. This Notice of Removal is timely filed within thirty days of service of the Complaint on the Defendant.

5. Attached hereto are copies of all pleadings served upon the Bank in the state suit, consisting of a copy of the Summons and Complaint.

6. Written notice of the filing of this Notice of Removal will be given to all parties to this suit, and a copy of this Notice of Removal is being filed contemporaneously with the Clerk of the aforesaid state court, which shall effect the removal, and the state court shall proceed no further unless and until the case is remanded, as provided by law.

WHEREFORE, Bank of America, N.A., hereby removes the above-styled action now pending in the Superior Court for the District of Columbia.

BANK OF AMERICA, N.A.

By: _____
Of Counsel

Mary Catherine Zinsner, DC Bar No. 430091
Tameka M. Collier, DC Bar No. 488979
TROUTMAN SANDERS LLP
1660 International Drive
Suite 600
McLean, Virginia 22102
Telephone: (703) 734-4334
Facsimile: (703) 734-4340

*Counsel for Bank of America, N.A.*

## CERTIFICATE OF SERVICE

I hereby certify that on this \_\_6th\_\_ day of April 2006, a true and accurate copy of the foregoing Notice of Removal was served by first class mail, postage prepaid to:

> Obidimkpa U. Ikezuagu, *Pro Se*
> 3416 Park Place, NW
> Washington, D.C. 20010

_____

#284781

CA Form 1

## Superior Court of the District of Columbia
CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 Telephone: 879-1133

OBIDIMKPA Z. IKEZUAGU
3416 PARK PLACE NW
WASHINGTON DC 20010
Plaintiff

vs.

BANK OF AMERICA
100 NORTH TRYON ST.
10TH FLOOR
CHARLOTTE, NC 28255
Defendant

06-0002088

Civil Action No. _____

### SUMMONS

To the above named Defendant: REGISTERED AGENT

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

OBIDIMKPA Z. IKEZUAGU
Name of Plaintiff's Attorney

3416 PARK PLACE NW
Address
WASHINGTON DC 20010

202-270-5748
Telephone

Clerk of the Court

By _____
Deputy Clerk

Date _____

06 0634

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

FILED
APR - 6 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

CV(6)-456/May 03

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

OBIDIMKPA 2I. IKEZUAGU
3416 PARK PLACE NW
WASHINGTON DC 20010
#202-270-5748,   **Plaintiff**

06-0002088

vs.   CIVIL ACTION NO. _____

~~BXXXXX~~ REGISTERED AGENT
BANK OF AMERICA
100 NORTH TRYON STREET
10TH FLOOR
CHARLOTTE, NC 28255   **Defendants**

RECEIVED
Civil Clerk's Office
MAR 15 2006
Superior Court of the
District of Columbia
Washington, D.C.

## COMPLAINT

1. Jurisdiction of this court is founded on D.C. Code Annotated, 2001 edition, as amended, Sec. 11-921.

DOCUMENT ATTACH.

Wherefore, Plaintiff demands judgment against Defendant in the sum of $ 25,000.00 with interest and costs. / PUNITIVE DAMAGES

Phone: 202-270-5748

**DISTRICT OF COLUMBIA, ss**

OBIDIMKPA 2I. IKEZUAGU , being first duly sworn on oath deposes and says that the foregoing is a just and true statement of the amount owing by defendant to the plaintiff, exclusive of all set-off and just grounds of defense.

(Plaintiff                                                        Agent)

Subscribed and sworn to before me this ___15th___ day of _____ 20 06

(Notary Public/Deputy Clerk)

FORM CV-1013/ Nov. 00

# OBIDIMKPA U. IKEZUAGU

*Thursday, March 14th, 2006.*

Superior Court of the District of Columbia.
CIVIL DIVISION.
Clerk, D.C. Superior Court.
500 Indiana Avenue, NW., RM: JM-170
Washington DC 20001

(Obidimkpa U. Ikezuagu) Plaintiff(s)
3416 Park Place NW
Washington DC 20010

Vs

(Bank of America) Defendants(s)
100 N Tryon St
Charlotte NC 28255

(Registered Agent)
C T Corporation System
225 Hillsborough Street
Raleigh NC 27603

_____ / case #

## COMPLAINT

### STATEMENT OF FACTS

Plaintiff **Obidimkpa U. Ikezuagu**, who do hereby file this Complaint for damages in excess of $25,000 and state as follows:

1) Plaintiffs, **Obidimkpa U. Ikezuagu**, permanent residents of Washington DC.

2) Defendant **Bank of America**, is a bank/company that does business in all 50 US states and Canada.

3) Defendant **Bank of America**, is a bank/company that issues Auto Loan in all 50 US states.

4) The contract between the Plaintiffs **Obidimkpa U. Ikezuagu**, and Defendant **Bank of America**, was signed in the state of VA.

6) In August of 2003 Plaintiff **Obidimkpa U. Ikezuagu** discovered error on the Equifax credit report.

# OBIDIMKPA U. IKEZUAGU

7) Plaintiff **Obidimkpa U. Ikezuagu** dispute the error to Bank of America though the standard dispute process outlined by Bank of America.

8) On January 2006, the Plaintiff **Obidimkpa U. Ikezuagu** discovers that the Defendant **Bank of America**, has still not corrected the error on the Plaintiff **Obidimkpa U. Ikezuagu** credit files.

9) Exhibit A, dated January 24th, 2006 acknowledging by the Defendant **Bank of America** that the charges and obligation with the Defendant **Bank of America** was or has been paid in full and satisfied (payment in full)

10) In 7-14-2003, the Defendant **Bank of America** informed the Plaintiff **Obidimkpa U. Ikezuagu** that Experian, Trans Union and Credit Bureau Inc. (Equifax, Inc.) would be notified to remove any delinquent status on the credit report of the Plaintiff **Obidimkpa U. Ikezuagu**.

11) Plaintiff **Obidimkpa U. Ikezuagu** reasonably relied upon the last payment on 7-14-2003 to believe that the error had been corrected.

12) On January 2nd, 2006, Plaintiff **Obidimkpa U. Ikezuagu** attempted to lease a car.

13) Plaintiff **Obidimkpa U. Ikezuagu** were informed by the finance manager of the auto dealership that the Equifax / FICO credit score for is 596, which is very low and not eligible for financing.

14) Plaintiff **Obidimkpa U. Ikezuagu** was informed by three separate auto dealerships that auto dealerships in our region use Equifax and the FICO score for judging credit worthiness on auto financing.

15) Plaintiff **Obidimkpa U. Ikezuagu** was forced to leave due to the inaccurate and error of the Defendant **Bank of America**.

16) The Equifax credit report dated January 19th, 2006; lists the Plaintiff **Obidimkpa U. Ikezuagu** which is reported by the Defendant **Bank of America** Pay Status: CHARGE OFF AS BAD DEBT and a balance of $333.

17) From the credit report explaining the low score, The First Reason "Serious Delinquency"

18) From the credit report explaining the low score, The Second Reason "Amount owed on delinquent accounts".

19) From the credit report explaining the low score, The Third Reason "Time since delinquency is still recent or unknown."

20) Experian is a competing credit reporting agency similar to Equifax.

21) TransUnion is a competing credit reporting agency similar to Equifax.

## COUNT - I
## VIOLATION OF THE FAIR CREDIT REPORTING ACT

22) Plaintiff **Obidimkpa U. Ikezuagu** re-alleges the allegations set forth in Paragraphs 1 through 21 here-in

# OBIDIMKPA U. IKEZUAGU

above.

23) According to the Fair Credit Reporting Act, section 623. Responsibilities of furnishers of information to consumer reporting agencies [15 U.S.C. § 1681s-2]:
(a) Duty of furnishers of information to provide accurate information.

(1) Prohibition.
(A) Reporting information with actual knowledge of errors. A person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or consciously avoids knowing that the information is inaccurate.

(B) Reporting information after notice and confirmation of errors. A person shall not furnish information relating to a consumer to any consumer reporting agency if (i) the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and (ii) the information is, in fact, inaccurate.

(2) Duty to correct and update information. A person who
(A) Regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer; and
(B) Has furnished to a consumer reporting agency information that the person determines is not complete or accurate, shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate.

(3) Duty to provide notice of dispute. If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.

(b) Duties of furnishers of information upon notice of dispute.
(1) In general. After receiving notice pursuant to section 611(a) (2) [§ 1681i] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall

(A) Conduct an investigation with respect to the disputed information;
(B) Review all relevant information provided by the consumer reporting agency pursuant to section 611(a) (2) [§ 1681i];
(C) Report the results of the investigation to the consumer reporting agency; and
(D) If the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.
(2) Deadline. A person shall complete all investigations, reviews, and reports required under paragraph (1) regarding information provided by the person to a consumer reporting agency, before the expiration of the period under section 611(a)(1) [§ 1681i] within which the consumer reporting agency is required to complete actions required by that section regarding that information.

24) On January 24th, 2006, the Defendant **Bank of America** issued a letter, attached as Exhibit A,

# OBIDIMKPA U. IKEZUAGU

acknowledging this that the charges were or has been paid in full and satisfied (payment in full).

25) Plaintiff **Obidimkpa U. Ikezuagu**, Equifax credit report, dated January 19th, 2006, shows a trade line with inaccurate information listed by Defendant **Bank of America** as well as to Experian, Trans Union a Credit Bureau Inc.

26) According to the Fair Credit Reporting Act, 616. Civil liability for willful noncompliance [15 U.S.C. § 1681n], (a) In general. Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000, (2) such amount of punitive damages as the court may allow; and (3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

THEREFORE Plaintiff **Obidimkpa U. Ikezuagu** request judgment against Defendants for damages of $25,000 plus costs and fees and respectfully ask this Court for leave to move for punitive damages.

Plaintiffs request a jury trial.

## COUNT - II
## VIOLATION OF THE FAIR CREDIT REPORTING ACT

27) Plaintiff **Obidimkpa U. Ikezuagu** re-alleges the allegations set forth in Paragraphs 1 through 26 here-in above.

28) According to section 623. Responsibilities of furnishers of information to consumer reporting agencies [15 U.S.C. § 1681s-2] of the Fair Credit Reporting Act:
    (a)    Duty of furnishers of information to provide accurate information.
    (1) Prohibition.

(A) Reporting information with actual knowledge of errors. A person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or consciously avoids knowing that the information is inaccurate.

(B) Reporting information after notice and confirmation of errors. A person shall not furnish information relating to a consumer to any consumer reporting agency if
(i) The person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and
(ii) The information is, in fact, inaccurate.
    (2) Duty to correct and update information. A person who
(A) Regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer; and
(B) has furnished to a consumer reporting agency information that the person determines is not complete or accurate, shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate.
    (3) Duty to provide notice of dispute. If the completeness or accuracy of any information furnished by

# OBIDIMKPA U. IKEZUAGU

any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.

(b) Duties of furnishers of information upon notice of dispute.

(1) In general. After receiving notice pursuant to section 611(a) (2) [§ 1681i] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall

(A) conduct an investigation with respect to the disputed information;

(B) review all relevant information provided by the consumer reporting agency pursuant to section 611(a)(2) [§ 1681i];

(C) Report the results of the investigation to the consumer reporting agency; and

(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.

(2) **Deadline.** A person shall complete all investigations, reviews, and reports required under paragraph (1) regarding information provided by the person to a consumer reporting agency, before the expiration of the period under section 611(a)(1) [§ 1681i] within which the consumer reporting agency is required to complete actions required by that section regarding that information.

29) The Equifax credit report dated January 19th, 2006, of Plaintiff, **Obidimkpa U. Ikezuagu** does not show that the delinquent account is disputed as well as the one from Experian, Trans Union a Credit Bureau Inc.

30) According to the Fair Credit Reporting Act, 616. Civil liability for willful noncompliance [15 U.S.C. § 1681n], (a) In general. Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of

(1) (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000,

(2) Such amount of punitive damages as the court may allow; and

(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

THEREFORE Plaintiffs request judgment against Defendants for damages of $1,000 plus costs and fees and respectfully ask this Court for leave to move for punitive damages.

Plaintiffs request a jury trial.

## COUNT - III
## LOSS OF OPPORTUNITY

31) Plaintiff **Obidimkpa U. Ikezuagu** re-alleges the allegations set forth in Paragraphs 1 through 30 here-in above.

32) As a result of the Defendant **Bank of America** conduct, actions, and inaction, the Plaintiff **Obidimkpa U. Ikezuagu**, who in fact had an impeccable credit history, was unable to secure credit at favorable rates and was denied credit by three dealers because of Plaintiff **Bank of America** reported Pay Status: CHARGE OFF AS BAD DEBT and a balance of $333 to the Credit Bureaus.

33) As a result of Defendant **Bank of America** conduct, actions and inaction, the Plaintiff **Obidimkpa U.**

# OBIDIMKPA U. IKEZUAGU

Ikezuagu, was unable to secure favorable credit privileges. As a result, the Plaintiff **Obidimkpa U. Ikezuagu** incurred interest and finance charges relating to credit far in excess of what the plaintiff **Obidimkpa U. Ikezuagu** would have otherwise incurred had the Plaintiff **Obidimkpa U. Ikezuagu** been able to secure credit elsewhere.

34) As a result of the Defendant **Bank of America** conduct, actions and inaction, the plaintiff **Obidimkpa U. Ikezuagu**, was forced to accept and incur full liability and obligation of the auto lease due to the inaccurate credit score and damaging Plaintiff **Obidimkpa U. Ikezuagu** ability to obtain credit at favorable rates.

35) As a result of the Defendant **Bank of America** conduct, actions and inaction, the Plaintiffs **Obidimkpa U. Ikezuagu** suffered actual damages in the form of additional interest, expense and finance charges as well as extreme mental anguish and emotional distress, humiliation, and damage to their reputation for credit worthiness.

36) The Defendant **Bank of America**, actions and inactions were willful, rendering the Defendant **Obidimkpa U. Ikezuagu** liable for punitive damages in an amount to be determined by the court pursuant to 15 U.S.C.§ 1681n.

THEREFORE Plaintiffs **Obidimkpa U. Ikezuagu** request judgment against Defendants **Bank of America** for compensatory damages plus costs and fees and respectfully ask this Court for leave to move for punitive damages.

Plaintiffs request a jury trial.

## COUNT – IV
## DEFAMATION

37) Plaintiffs **Obidimkpa U. Ikezuagu** re-alleges the allegations set forth in Paragraphs 1 through 36 here-in above.

38) Between July 7th, 2003 and present, Defendants **Bank of America** published to Equifax, a major credit reporting agency and Experian, Trans Union a Credit Bureau Inc a major reporting agency, the fact that Plaintiff **Obidimkpa U. Ikezuagu**, was severely delinquent in paying on his account and had an outstanding balance.

39) The Defendants **Bank of America** published this information in writing to Equifax, a credit reporting agency and to Experian, Trans Union a Credit Bureau Inc.

40) The Defendants **Bank of America** knew the statements were false when made or had no factual basis for making the statements. The Defendants **Bank of America** knew this because a letter to the Plaintiffs **Obidimkpa U. Ikezuagu** on January 24th, 2006 acknowledging that the account was paid in full as of July 7th, 2003.

41) The written publications by the Defendants **Bank of America** constitute libel per se.

42) As a direct and proximate result of the Defendants' **Bank of America** defamation, the Plaintiff **Obidimkpa U. Ikezuagu** have suffered extreme mental anguish, a loss of reputation, and a loss of ability to

# OBIDIMKPA U. IKEZUAGU

obtain credit.

43) The Defendant **Bank of America** acts were malicious, willful, want on and to the total disregard of Plaintiff **Obidimkpa U. Ikezuagu** just rights.

THEREFORE Plaintiff **Obidimkpa U. Ikezuagu** request judgment against Defendants **Bank of America** for compensatory damages plus costs and fees and respectfully ask this Court for leave to move for punitive damages.

Plaintiffs request a jury trial.

## COUNT - V
## NEGLIGENCE

44) Plaintiff **Obidimkpa U. Ikezuagu** re-alleges the allegations set forth in Paragraphs 1 through 43 here-in above.

45) Civil liability for negligent noncompliance [15 U.S.C. § 1681o]

(a) in general. Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of

(1) any actual damages sustained by the consumer as a result of the failure;

(2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.
(b) Attorney's fees. On a finding by the court that an unsuccessful pleading, motion, or other paper filed in connection with an action under this section was filed in bad faith or for purposes of harassment, the court shall award to the prevailing party attorney's fees reasonable in relation to the work expended in responding to the pleading, motion, or other paper.

46) The Defendant **Bank of America** had a duty of reasonable care not to injure the Plaintiff **Obidimkpa U. Ikezuagu** privacy, general reputation, or credit reputation.

47) Between July 7th, 2003 and present, the Defendant **Bank of America** have negligently violated their duty of reasonable care to the Plaintiff **Obidimkpa U. Ikezuagu** by continuing to report to Equifax, Experian, and Trans Union a Credit Bureau Inc. as severely delinquent and unpaid.

48) As a direct and proximate result of the Defendant **Bank of America** negligence, the Plaintiff **Obidimkpa U. Ikezuagu** have suffered extreme mental anguish, a loss of reputation, and a loss of ability to obtain credit.

THEREFORE, Plaintiff **Obidimkpa U. Ikezuagu** has suffered economic and psychological damages as a result of the negligence of Defendant **Bank of America** and is entitled to reimbursement and compensation for their injuries.

WHEREFORE, Plaintiff **Obidimkpa U. Ikezuagu** request judgment against Defendant **Bank of America** for economic and psychological damages as well as compensatory damages plus costs and fees and respectfully asks this Court for leave to move for punitive damages.

# OBIDIMKPA U. IKEZUAGU

Plaintiffs **Obidimkpa U. Ikezuagu** requests a jury trial.

**(Obidimkpa U. Ikezuagu)** Plaintiff(s)
3416 Park Place NW
Washington DC 20010
**Phone:**
(202) 270-5748

**(Bank of America)** Defendants(s)
100 N Tryon St
Charlotte NC 28255

(Registered Agent)
**C T Corporation System**
225 Hillsborough Street
Raleigh NC 27603

*******************



# Exhibit A

## FAX SHEET

Agent for: I. Obidimkpay            From: Sean Daves

Attn: ikezyagu                      Department: Bank of America

Telephone Number:                   Telephone Number:

Fax Number: 202-778-9492            Fax Number: 336-805-1752

Date: January 24, 2006              If transmissions problems occur please call

Number of page (2) including cover sheet


## CONFIDENTIAL

Fax: 336.805.1752 · Fax: 336.805.1763

Bank of America
P.O Box 21846, Greensboro, N.C. 27420-1846

Recycled Paper



# Exhibit A

For Bank of America

January 24, 2006

Obidimkpay Ikezyagu
8203 thornfield Terr
Forestville, MD 20747

Bank of America Account# 68991000451199

The above referenced obligation with Bank of America was paid in full 7-14-2003.

Sincerely,

Sean Daves

Recovery Internal Operations
1-800-475-2025, option 8

Fax: 336.805.1752 · Fax: 336.805.1763

Bank of America
P.O Box 21846, Greensboro, N.C. 27420-1846

Recycled Paper


UNITED STATES POSTAL SERVICE®

Home | Help

Track & Confirm

# Track & Confirm

**Search Results**

Label/Receipt Number: ED65 0403 556U S
Status: **Delivered**

Your item was delivered at 10:44 am on March 17, 2006 in CHARLOTTE, NC 28202. The item was signed for by J DANIEL.

( Additional Details > )  ( Return to USPS.com Home > )

**Track & Confirm**
Enter Label/Receipt Number.

**Notification Options**

**Track & Confirm by email**
Get current event information or updates for your item sent to you or others by email. ( Go > )

**Proof of Delivery**
Verify who signed for your item by email, fax, or mail. ( Go > )

---

POSTAL INSPECTORS
Preserving the Trust

site map   contact us   government services   jobs   National & Premier Accounts
Copyright © 1999-2004 USPS. All Rights Reserved. Terms of Use. Privacy Policy

http://trkcnfrm1.smi.usps.com/PTSInternetWeb/InterLabelInquiry.do        3/22/2006