# EXHIBIT A

LEXSEE 2003 U.S. DIST. LEXIS 23271 (E.D. VA. 2003)

NANCY B. AYERS, Plaintiff, v. EQUIFAX INFORMATION SERVICES, et. al., Defendants.

Civil No. 3:03CV551

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA, RICHMOND DIVISION

2003 U.S. Dist. LEXIS 23271

December 16, 2003, Decided
December 16, 2003, Filed

**DISPOSITION:** [*1] Defendant BB&T's motion to dismiss second claim of complaint denied.

**COUNSEL:** For NANCY B. AYERS: Leonard Anthony Bennett, David A. Szwak.

For EQUIFAX INFORMATION SERVICES, LLP: Anitra Denise Goodman, Tony Love, Cindy Dawn Hanson, Mara McRae.

For BRANCH BANKING AND TRUST: Alan Durrum Wingfield.

For CREDIT BUREAU INFORMATION SERVICES: Kevin W. Holt.

For TRANS UNION, L.L.C.: Stanley Paul Wellman, Mark Gregory, Bruce Steven Luckman, Timothy P. Creech.

For THE GARDEN CITY GROUP, INC.: Jeremy C. Sharp.

**JUDGES:** Henry E. Hudson, United States District Judge.

**OPINIONBY:** Henry E. Hudson

**OPINION:**

MEMORANDUM OPINION

I. BACKGROUND

Nancy B. Ayers, ("Ayers"), brought claims against defendants Trans Union, LLC., a credit agency and Branch Banking & Trust Company of Virginia, a "furnisher" n1, pursuant to the Fair Credit Reporting Act, 15 U.S.C.S. § 1681 *et seq.*, alleging incorrect reporting of information published on Ayer's Trans Union credit report. Specifically, Ayers claims that BB&T willfully defamed Ayers by publishing [*2] to and through Trans Union to all of Ayers's potential lenders, without a reasonable basis, that Ayers had filed bankruptcy when BB&T had acknowledged the inaccuracy of the information. 15 U.S.C.S. § 1681s-2(b). Secondly, Ayers claims that BB&T was contacted by Trans Union upon Ayers's demand for reinvestigation, yet BB&T continued to publish the "included in bankruptcy report," and failed to include a notation that this debt was disputed. BB&T also failed to investigate the dispute and report the results of an accurate investigation to each credit reporting agency. See 15 U.S.C. § 1681s-2(b).

> n1 A "furnisher" is defined as "a person who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer. *15 U.S.C.S. § 1681s-2(a)(2).*

Defendant Branch Banking & Trust Company of Virginia ("BB&T"), moved to dismiss Ayer's [*3] second claim for relief pursuant to Fed. R. Civ. P., 12(b)(6), arguing that a consumer does not enjoy a private cause of action against a furnisher under Subsection (b) of 15 U.S.C.S. § 1681s-2; or alternatively, that even if a private cause of action under Subsection (b) of 15 U.S.C.S. § 1681s-2 exists, a consumer is not entitled to actual damages under Section 1681o for reporting inaccurate information. BB&T does not challenge the legal sufficiency of Ayer's claim under Section 1681n at this stage.

II. FACTUAL HISTORY AND CONTENTIONS OF PARTIES

The plaintiff, Nancy B. Ayers, is a resident of the Commonwealth of Virginia and is a consumer as defined by 15 U.S.C. § 1681a(c). The defendant, Trans Union, L.L.C. ("Trans Union"), is a Delaware limited liability company authorized to do business in Virginia and a consumer reporting agency as defined by the Fair Credit Reporting Act ("FCRA"). The defendant, BB&T, is a consumer mortgage lender that furnishes information to credit reporting agencies including Trans Union as governed by the Fair Credit Reporting Act. [*4]

Ayers claims that in June, 2002, she was denied credit by a third party as a result of information in her Trans Union credit file reporting that certain transactions were "included in bankruptcy." Ayers claims that this information was inaccurate because she has never filed bankruptcy, that none of her credit accounts have ever been in default and all of her credit accounts have always been paid in a timely manner. In July, 2002, Ayers obtained a copy of her Trans Union credit report. She contends that BB&T misrepresented her mortgage account as "included in bankruptcy." Beginning in July, 2002, Ayers disputed the BB&T misrepresentation to and through Trans Union. According to Ayers, Trans Union contacted BB&T and verified the inaccuracy. During the same time period, Ayers contacted BB&T on multiple occasions by telephone and letter in an attempt to correct the inaccuracy. Ayers claims that despite acknowledging the inaccuracy of the information reported, BB&T refused to correct the error. The "included in bankruptcy" notation remained on the credit report and was republished to one or more third parties.

Ayers claims that she was denied a favorable outcome due to the "included in [*5] bankruptcy" misrepresentation by BB&T, published by and through Trans Union. This lawsuit followed.

### III. DISCUSSION

#### A. Jurisdiction and Venue

Jurisdiction is conferred by 15 U.S.C. § 1681 et seq., and 28 U.S.C. § 1367. Venue is proper because the registered agents of all defendants are located within the Richmond Division.

#### B. Standard of Review

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss if the plaintiff has failed to state a claim for which relief may be granted. A Rule 12(b)(6) motion tests the sufficiency of the pleading; it does not resolve factual disputes, the merits of a claim or the applicability of defenses. *Republican Party of North Carolina v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992), *cert. denied,* 510 U.S. 828, 126 L. Ed. 2d 60, 114 S. Ct. 93 (1993). In considering the motion, the claims must be viewed in the light most favorable to the nonmoving party and all allegations accepted as true. *Id.* Dismissal is appropriate only when it appears beyond a doubt that no set of [*6] facts would entitle the pleader to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957).

#### C. Analysis

#### 1. Whether the Plaintiff has a Private Cause of Action under FCRA 1681s-2(b)?

Ayers claims that BB&T, as a furnisher of information, either willfully or negligently violated its duties under Section 1681s-2, specifically subsection (b). In considering a 12(b)(6) motion, the complaint must be construed in the light most favorable to the plaintiff, assuming its factual allegations to be true. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). A motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of the claim. *McNair v. Lend Lease Trucks, Inc.*, 95 F.3d 325, 328 (4th Cir. 1996).

The FCRA places various requirements on consumer credit reporting agencies, furnishers of credit information to consumer credit reporting agencies, and users of consumer credit reports. These requirements are enforced by civil liability statutes and, [*7] depending on the statutes implicated, may be enforced by either appropriate government officials or private individuals and entities. Sections 1681n and 1681o are examples of the latter. Section 1681n provides that "any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of any damages sustained by that consumer ... or not less than $ 1000" plus reasonable attorney's fees. 15 U.S.C.S. § 1681n. Section 1681o establishes similar liability for any person who negligently fails to comply.

Section 1681s-2 may be functionally split into two distinct subparts. First, subsections (a), (c), and (d), delineate the following responsibilities. Subsection (a) imposes duties upon furnishers of credit information to provide consumer reporting agencies with accurate information. Subsections (c) and (d), limit the remedies available for violations of subsection (a). In particular, subsection (c) eliminates the availability of direct remedies to consumers by making Sections 1681n and 1681o inapplicable to violations of subsection (a). n2 Subsection (d) provides [*8] that the requirements imposed by subsection (a) are only enforceable by government officials. n3

n2 *15 U.S.C. § 1681s-2(c)* states: "Sections *1681n* and *1681o* of this title do not apply to any failure to comply with subsection (a) of this section, except as provided in *section 1681s(c)(1)(B)* of this title." *Section 1681s(c)(1)(B)* delineates the remedies available to suits brought by state officers, as opposed to private consumers, for negligent or willful violations of § 1681s-2.

n3 *15 U.S.C. § 1681s-2(d)* states: "Subsection (a) of this section shall be enforced exclusively under *section 1681s* of this title by the Federal agencies and officials and the State officials identified in that section."

Section 1681s-2(b) of the act imposes a duty on a furnisher of information to conduct an investigation with respect to any disputes and report the results of that investigation to the consumer reporting agency. 15 U.S.C.S. § 1681s-2 [*9] (b). Subsection (b) contains no such limitations on the availability of remedies.

BB&T argues that any duty it has under section 1681s-2(b) is owed to the consumer reporting agency, not the consumer. BB&T relies on *Carney v. Experian Info. Solutions,* 57 F. Supp.2d 496, (W.D. Tenn. 1993). The Court is not persuaded by this argument. In *Carney,* the court observed that the duties imposed on furnishers of information (such as BB&T) are triggered only upon notice received from a consumer reporting agency, not the consumer. The court reasoned in *Carney* that duties imposed on the furnisher exist solely for the benefit of consumer reporting agencies. It is the consumer reporting agency, not the furnisher, that faces liability under the FCRA to the consumer for erroneous and inaccurate reporting. *Id.* at 502. The court held that "the statutorily created obligation imposed on a furnisher of information is owed only to the consumer reporting agency and an individual, such as the plaintiff, cannot state a claim under 15 U.S.C. § 1681s-2(b)." *Id.*

The Fourth Circuit has not yet addressed the issue of whether section 1681s-2(b) [*10] creates a private cause of action. However, a District Court in this circuit and others have uniformly rejected the *Carney* decision and found a private right of action under 1681s-2(b). n4 This Court finds the analysis in a recent case currently on appeal to the Fourth Circuit persuasive. *Johnson v. Experian Information Solutions, et al.,* No. 03-1235 (4th Cir. filed Feb. 27, 2003). n5 The court in *Johnson* concluded that consumers do enjoy a private right of action under 1681s-2(b).

n4 *See, e.g., DiMezza v. First Bank Inc.,* 103 F. Supp.2d 1296, (D.N. Mex. 2000); *Dornhecker v. Ameritech Corp.,* 99 F. Supp.2d 918 (N.D. Ill. 2000); *Vasquez-Garcia v. Trans Union de Puerto Rico,* 222 F. Supp.2d 150, (D. Puerto Rico 2002).

n5 *Johnson v. Experian Information Solutions., et al.,* No. 03-1235 (4th Cir. filed Feb. 27, 2003), is currently on appeal to the United States Court of Appeals for the Fourth Circuit for issues unrelated to the subject of this motion to dismiss.

[*11]

The *Johnson* holding is consistent with the only case of precedential value decided by a Federal Circuit. *Nelson v. Chase Manhattan Mortgage Corp.,* 282 F.3d 1057 (9th Cir. 2002). In *Nelson,* the court determined that Congress did intend such a right, based on the plain language of the statute and the FCRA's legislative history. *Id.* at 1060. Prior to amendment in 1996, sections 1681n and 1681o permitted suit against a consumer reporting agency or a user of information, but not against a furnisher. After the statute was amended, "any person" could be sued. *See* Pub. L. 104-208 at § 2414; 110 Stat. 3009 at § 2414 (1996). The Ninth Circuit determined that since credit reporting agencies and users were already liable to consumers, Congress intended, by the amendment language "any person", to enlarge the statute to include furnishers. *Nelson* at 1060.

The logic of the *Carney* case is contrary to virtually all holdings by courts that have considered this issue and this Court respectfully declines to adopt that court's analysis. n6 This Court is convinced that the majority view is correct and controls under the facts of this case. The reasoning [*12] in support of the majority view has been summarized as follows:

> The civil liability sections, *15 U.S.C. § 1681n* and *1681o,* explicitly provide a private right of action for consumers wishing to enforce any provision of the Fair Credit Reporting Act against "any person" who either "willfully fails to comply" or is "negligent in failing to comply." Absent any explicit limitation, the plan language of *15 U.S.C. §§ 1681n, 1681o, 1681s-2(b)* and *(c)* provide a private right of action for a consumer against furnishers of information who have willfully or negligently failed to perform their duties upon notice of a dispute. Furthermore, the negative inference of explicitly precluding a consumer's right of action for

violations of § 1681s-2(a) is that they are preserved in § 1681s-2(b). Accordingly, the plain language of the Fair Credit Reporting Act compels the conclusion that there is a private right of action for consumers to enforce the investigation and reporting duties imposed on furnishers of information.

*Dimezza*, 103 F. Supp. 2d at 1300. The Court concurs and finds that a plain reading of the statute [*13] creates a private right of action held by the consumer. Plaintiff therefore states a cause of action under Section 1681s-2.

> n6 *See, e.g., Aklagi v. Nationscredit Financial Services Corp.*, 196 F. Supp. 2d 1186, 1193; *Hawthorne v. Citicorp Data Systems*, 216 F. Supp.2d 45, 47-48 (E.D. N.Y., 2002); *Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1059-60 (9th Cir. 2002); *Thomasson v. Bank One, Louisiana*, N.A., 137 F. Supp. 2d 721, 723 (E.D. La. 2001); *Whitesides v. Equifax Credit Info. Servs., Inc.*, 125 F. Supp. 2d 807, 812 (W.D. La. 2000); *McMillian v. Experian Info Servs.*, 119 F. Supp. 2d 84 (D. Conn. 2000); *Campbell v. Baldwin*, 90 F. Supp. 2d 754 (E.D. Tex. 2000); *Dimezza v. First USA Bank, Inc.*, 103 F. Supp. 2d 1296, 1300 (D.N.M. 2000); *but see Carney*, 57 F. Supp. 2d 496.

**2. If Plaintiff has a cause of action, is she entitled to actual damages [*14] under Section 1681o?**

BB&T contends that at most, Ayers has only stated a claim under the FCRA for statutory and punitive damages under 15 U.S.C. § 1681n for willful noncompliance. BB&T argues that Ayers has claimed no compensable actual damages other than damages caused by simply reporting inaccurate information. BB&T maintains that Plaintiff failed to state an actionable claim pursuant to Section 1681o, because normal statutory construction requires a furnisher -in this case BB&T- to perform nothing more than a perfunctory, cursory investigation. In support of this position, BB&T argues that Section 1681s-2(a) imposes duties on furnishers to provide accurate information, but that Congress did not intend to create a private cause of action under that subsection. According to BB&T, Section 1681s-2(b) imposes investigatory and reporting duties in the event of a dispute, but does not impose new or additional obligations to provide accurate information. BB&T reasons that Congress intended that the substance of information provided, either initially or as a result of a dispute investigation, would be governed by subsection (a). See Defendant's Motion, p. 8. [*15]

The Court disagrees with BB&T's analysis. The touchstone of statutory interpretation is legislative intent as expressed in the statute's words. Thus, the well-settled starting point in the interpretive inquiry is the language of the statute itself. *See United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241, 103 L. Ed. 2d 290, 109 S. Ct. 1026 (1989). Where a statute's language is unambiguous, a court's task of statutory construction ends unless enforcement of statutory language would contravene clearly expressed legislative intent. *See In re Forfeiture Hearing as to Caplin & Drysdale, Chartered*, 837 F.2d 637, 641 (4th Cir. 1988).

As applied, these well-established principles of statutory interpretation compellingly point to the conclusion that when Congress enacted Section 1681s-2, it also amended both Sections 1681n and 1681s-2 to impose civil liability such that "any person who negligently [or willfully] fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer." 15 U.S.C. 1681n and 1681o. Before the amendment, Sections 1681n and 1681o limited consumer remedies to [*16] suits against "any consumer reporting agency or user of information." The amendment eliminated this limitation by broadly changing the language to "any person," which should be read to include furnishers of information. In light of the fact that Congress consistently circumscribed subsection (a) by limiting a consumer's right of action, leaving enforcement of subsection (a) to the Federal agencies, officials and State officials, see 15 U.S.C. § 1681s-2(d), it is clear that subsection (b) does not express such a limitation, and therefore must be read as providing a consumer with a cause of action for actual damages for either willful or negligent failure to comply with these requirements. The district court aptly summarized a similar argument in the *Johnson* case:

> The defendant claims that normal statutory construction requires that the statute be interpreted to mean that the defendant's duty to "investigate" has no qualitative component to it. According to the defendant, the duty to investigate means that any investigation is sufficient, no matter how cursory. Such a construction is illogical. There would be no point in having the statute, and [*17] the requirement of an investigation, if there was no qualitative component to the investigation. The statute itself does impose a qualitative

component to the defendant's negligence ... it is the statute itself that imposes the requirement that the defendant's investigation pursuant to section 1681s-2(b) be reasonable. The word "reasonable" need not be repeated in section 1681s-2(b) because 1681o establishes it as the standard by which liability is determined. (Pl.'s Mem. Opp. Mot. Dismiss. at 2, Ex. A at 20).

Whether Ayers can establish actual damages is a factual inquiry for resolution at a later time. Therefore, the Court concludes that as a matter of law, a consumer may pursue a claim for actual damages under Section 1681o.

### IV. CONCLUSION

For the reasons already stated, the Court DENIES Defendant's Motion to Dismiss Plaintiff's Second Claim for Relief Against BB&T.

The Clerk is directed to send a copy of this Memorandum Opinion to all counsel of record.

Issued this 16 day of December 2003
Richmond, Virginia

Henry E. Hudson

United States District Judge

### ORDER

(Motion to Dismiss Plaintiff's Second Claim for Relief Against BB&T)

THIS MATTER is [*18] before the Court on Defendant BB&T's Motion to Dismiss Plaintiff's Second Claim for Relief of the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth in the accompanying memorandum opinion, the Court hereby DENIES Defendant BB&T's Motion to Dismiss.

The Clerk is directed to send a copy of this Order to all counsel of record.

It is so ORDERED.

Date: Dec. 16, 2003
Richmond, VA

Henry E. Hudson

United States District Judge