# EXHIBIT D

LEXSEE 2003 U.S. DIST. LEXIS 16901 (N.D. IL. 2003)

**ROBERT DENSMORE, Plaintiff, v. GENERAL MOTORS ACCEPTANCE CORPORATION, et al., Defendants.**

03 C 1866

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

2003 U.S. Dist. LEXIS 16901

September 22, 2003, Decided
September 25, 2003, Docketed

**DISPOSITION:** [*1] Defendant's motion to dismiss granted and plaintiff's motion for sanctions denied. Plaintiff granted leave to file amended complaint.

**COUNSEL:** For Robert Densmore, PLAINTIFF: Christopher V Langone, Langone Law Firm, Chicago, IL USA. Craig Rein Frisch, Langone Law Firm, Chicago, IL USA.

**JUDGES:** Blanche M. Manning, United States District Judge.

**OPINIONBY:** Blanche M. Manning

**OPINION:**

### MEMORANDUM AND ORDER

Plaintiff Robert Densmore asserts that defendant General Motors Acceptance Corporation ("GMAC") violated § 1681s-2(b) of the Fair Credit Reporting Act ("FCRA") by failing to properly investigate a disputed debt. GMAC's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and Mr. Densmore's motion for sanctions are before the court. For the following reasons, the motion to dismiss is granted and the motion for sanctions is denied.

### Background

GMAC is a furnisher of information under the FCRA. This means that it supplied information about a consumer debt to a consumer credit reporting agency. *See generally Wade v. Equifax,* [*2] *Inc.,* 2003 U.S. Dist. LEXIS 15686, No. 02 C 3205, 2003 WL 22089694 (N.D. Ill. Sep 08, 2003). The FCRA requires furnishers to reinvestigate their information if a credit reporting agency advises them that the consumer disputes its accuracy. *See* 15 U.S.C. § 1681s-2(b). Mr. Densmore alleges that GMAC failed to properly reinvestigate a disputed debt. In its motion to dismiss, GMAC contends that Mr. Densmore cannot sue it because consumers do not have a private right of action against furnishers. Alternatively, it contends that Mr. Densmore's claims against it fail because he has not sufficiently alleged that a credit reporting agency notified it regarding the disputed information on Mr. Densmore's credit report.

### Standard for a Rule 12(b)(6) Motion to Dismiss

In ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court must assume the truth of all facts alleged in the complaint, construing the allegations liberally and viewing them in the light most favorable to the plaintiff. *See, e.g., McMath v. City of Gary,* 976 F.2d 1026, 1031 (7th Cir.1992); *Gillman v. Burlington N. R.R. Co.,* 878 F.2d 1020, 1022 (7th Cir.1989). [*3] Dismissal is properly granted only if it is clear that no set of facts which the plaintiff could prove consistent with the pleadings would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957).

The court will accept all well-pled factual allegations in the complaint as true. *Miree v. DeKalb County,* 433 U.S. 25, 27 n.2, 53 L. Ed. 2d 557, 97 S. Ct. 2490 (1977). In addition, the court will construe the complaint liberally and will view the allegations in the light most favorable to the non-moving party. *Craigs, Inc. v. General Electric Capital Corp.,* 12 F.3d 686, 688 (7th Cir.1993). However, the court is neither bound by the plaintiff's legal characterization of the facts, nor required to ignore facts set forth in the complaint that undermine the plaintiff's claims. *Scott v. O'Grady,* 975 F.2d 366, 368 (7th Cir.1992).

### Private Right of Action

The Seventh Circuit has not addressed whether consumers have a private right of action against furnishers under the FCRA. It is also true that courts have not uni-

formly held that a private right of action exists. However, the [*4] overwhelming majority of courts to consider this issue have found that a private right of action for consumers exists. *See, e.g., Dornhecker v. Ameritech Corp.*, 99 F. Supp. 2d 918 (N.D. Ill.2000). This court now explicitly adopts the majority view, which was succinctly set forth in *Dornhecker*.

### "Information and Belief" Allegations

This brings the court to GMAC's argument on the merits. According to GMAC, Mr. Densmore's complaint is deficient because he does not expressly allege that GMAC received notice regarding the disputed information on his credit report. Notice is critical as a furnisher of information, such as GMAC, only has a duty to investigate if it receives notice of a dispute from a consumer reporting agency. 15 U.S.C. § 1681s-2(b)(1).

Mr. Densmore alleges that he wrote to the three major consumer credit reporting agencies to dispute certain entries on his credit report. Amended Complaint at P22. He also alleges that, upon information and belief, these agencies notified GMAC regarding the dispute as they are required to do by the FCRA. *Id.* Finally, he alleges that one of the agencies - defendant Trans Union [*5] - willfully failed to comply with the FCRA's notification provision. *Id.* at P25.

Mr. Densmore is entitled to plead in the alternative, even if this means that his complaint contains inconsistent allegations. Fed. R. Civ. P. 8; *Alper v. Altheimer & Gray*, 257 F.3d 680, 687 (7th Cir. 2001). The fate of his claim against GMAC thus turns on whether it is enough for him to allege that, on information and belief, one or more credit reporting agencies notified GMAC of his dispute.

It is well established that counsel must make a reasonable inquiry before filing a complaint, as a party may not file a lawsuit in order to conduct a fishing expedition based on a hunch. *Bankers Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 684 (7th Cir.1992). The federal rules, however, recognize that parties may not have access to all the facts until they have had an opportunity for discovery. *Id.* In such cases, "information and belief" pleading is permissible if the complaint demonstrates that the information is inaccessible and that the pleader has reasonable grounds to suspect those facts. *Id.*

In this case, the key information [*6] -- whether GMAC received notice from a consumer credit reporting agency -- is readily accessible without discovery. Specifically, the FCRA expressly provides that a consumer is entitled to receive "a description of the procedure used to determine the accuracy and completeness of the information . . . including the business name and address of any furnisher of information contacted in connection with such information." 15 U.S.C. § 1681i(a)(6)(A). Mr. Densmore nevertheless contends that he was not required to verify whether GMAC received notice because the FCRA requires agencies to notify furnishers of disputes. Because he notified three agencies about his dispute, he concludes that GMAC must have been notified by someone.

This reasoning, while facially logical, is not enough to allow Mr. Densmore to state a colorable claim against GMAC. The FCRA provides a means for him to easily verify his hunch that GMAC received notice. GMAC's presence in this lawsuit is only possible if a credit agency told it about Mr. Densmore's dispute. The answer to the critical question regarding notice is readily ascertainable without discovery. It is, therefore, improper for Mr. [*7] Densmore to drag GMAC into court without conducting a concrete investigation into whether its duties under the FCRA were ever triggered. *See Kapco Mfg. Co., Inc. v. C & O Enterprises, Inc.*, 886 F.2d 1485, 1496 (7th Cir. 1989) (specifically condemning the practice of "file first, research later"). Accordingly, GMAC's motion to dismiss is granted.

### Sanctions

The court may impose sanctions on an attorney who unreasonably and vexatiously multiplies the proceedings in any case. 28 U.S.C. § 1927. Mr. Densmore seeks sanctions against GMAC's counsel. In essence, Mr. Densmore's counsel takes issue with GMAC's arguments regarding standing and the sufficiency of the "information and belief" pleadings.

With respect to a consumer's standing to sue a furnisher, the court very recently addressed a motion to dismiss a consumer action against a furnisher. *Wade v. Equifax, Inc.*, 2003 U.S. Dist. 15686, 2003 WL 22089694 at *2-3. The court believed that the private right of action issue was so settled that it was unnecessary to comment on it and, indeed, the parties in that case must have agreed as the defendant did not raise the matter. In this case, however, [*8] GMAC was well within its rights to bring the issue up. There is no binding Seventh Circuit authority regarding consumer suits against furnishers, and authority -- albeit authority that this court does not agree with -- supports GMAC's arguments.

GMAC's pleading argument is also perfectly proper. First, it goes without saying (or at least, it should) that raising a meritorious argument is not sanctionable conduct. Second, while notice pleading is the norm in federal court, there is a difference between putting a defendant on notice of a claim and conducting a reasonable pre-litigation investigation. The fact that a complaint adequately advises a defendant of the claims against that defendant does not absolve a plaintiff from his responsi-

bility to ensure that his claims are based on fact as opposed to conjecture.

In short, the sanctions motion appears to be based on counsel's apparent shock that GMAC had the temerity to seek dismissal of his complaint and his absolute conviction that his view of the law and facts is the only correct one. As the Seventh Circuit recently remarked, however, "certitude is not a reliable test of certainty." *Newsome v. McCabe*, 319 F.3d 301, 305 (7th Cir. 2003). [*9] In this case, if anyone unreasonably and vexatiously multiplied the proceedings, it is counsel for Mr. Densmore rather than counsel for GMAC. The court urges counsel to think long and hard before filing any additional sanctions motions that, like this one, are built on quicksand and doomed to fail from the outset.

**Conclusion**

GMAC's motion to dismiss [21-1] is granted and Mr. Densmore's motion for sanctions [26-1] is denied. Mr. Densmore is granted leave to file an amended complaint as to GMAC, consistent with counsel's Rule 11 obligations and this order, by no later than October 17, 2003. Any requests for extensions of this date will be strongly disfavored.

DATE: 9-22-03

Blanche M. Manning

United States District Judge