# EXHIBIT
# E

LEXSEE 2001 U.S. DIST. LEXIS 25047 (W.D. MIS. 2001)

ROBIN ANDREW SMITH, Plaintiff, v. CITIBANK (SOUTH DAKOTA), N.A., et al., Defendants.

No. 00-0587-CV-W-1-ECF

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI, WESTERN DIVISION

2001 U.S. Dist. LEXIS 25047

October 3, 2001, Decided

**DISPOSITION:** The Court granted Defendants' motion for summary judgment with respect to Plaintiff's negligence claims.

**COUNSEL:** [*1] For Robin A Smith, Plaintiff: Jeffrey Langdon Brown, Independence, MO.

For Citibank (South Dakota), N.A., Citicorp Credit Services Inc, Citigroup, Inc., Defendants: Juliet A. Cox, Bryan Cave LLP, Kansas City, MO.

**JUDGES:** Dean Whipple, United States District Judge.

**OPINIONBY:** Dean Whipple

**OPINION:**

### ORDER

Pending before the Court is Defendants Citibank and Citicorp Credit Services, Inc.'s ("Defendants"), motion to reconsider, filed on September 13, 2001. Plaintiff Robin Andrew Smith ("Smith") has filed suggestions in opposition to this motion and Defendants have filed a reply. The Court GRANTS Defendants' motion to reconsider.

Smith had alleged that Defendants have defamed him by furnishing false information to consumer reporting agencies, and that Defendants were negligent in opening a credit account in Smith's name and in investigating disputes regarding liability for amounts due on the account. On September 7, 2001, the Court issued an order granting summary judgment with respect to defamation, and denying it for the negligence claims. The Court grants Defendants' motion to reconsider, and for the following reasons, Defendants' motion for summary judgment with respect to the negligence [*2] claims is GRANTED.

### I. FACTUAL BACKGROUND

Defendant Citibank is a federally chartered bank with its principal place of business in Sioux Falls, South Dakota. Defendant Citicorp Credit Services, Inc. is a Delaware corporation with its principal place of business in Long Island City, New York.

In early 1996, Smith learned that his credit report contained information of a delinquent credit card that had been issued in his name from Defendant Citibank. Smith claims that the credit card was fraudulently obtained by a former employer who had access to Smith's personal information. Smith's former employer, Joseph Wilkinson, applied for a credit card in Smith's name, and directed the bills to be sent to his business address. Citibank issued the card under the name of Smith, naming Wilkinson as a secondary card holder. Smith alleges that his former employer charged a considerable amount to the credit card and did not pay the balance owed. Upon learning of the credit report, Smith contacted Citibank in an attempt to address problems arising from the credit card under his name.

At the direction of Citibank, Smith completed a "statement of fraudulent application" in which he stated the [*3] general facts set forth above. Citibank referred the Smith credit card dispute to Defendant Citicorp upon learning of the former employer's whereabouts from Smith in November 1998. Citicorp determined through an investigation that the charges were authorized and thereafter continued collection and billing efforts.

### II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if the movant demonstrates that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 327, 106 S. Ct. 2548, 2554-55, 91 L. Ed. 2d 265 (1986). The facts and inferences from those facts are viewed in the light most favorable to the nonmoving party. Fed. R.

Civ. P. 56(c); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-90, 106 S. Ct. 1348, 1355-58, 89 L. Ed. 2d 538 (1986). The moving party must carry the burden of establishing both the absence of a genuine issue of material fact and that such party is entitled to judgment as a matter of law. Id.

Once the moving party has met this burden, the nonmoving party may not rest on the allegations in the pleadings, [*4] but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e); Lower Brule Sioux Tribe v. State of S.D., 104 F.3d 1017, 1021 (8th Cir. 1997). To determine whether the disputed facts are material, courts analyze the evidence in the context of the legal issues involved. Id. Thus, the mere existence of factual disputes between the parties is insufficient to avoid summary judgment. Id. Rather, the "disputes must be outcome determinative under prevailing law." Id. (citations omitted). Furthermore, to establish that a factual dispute is genuine and sufficient to warrant trial, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586, 106 S. Ct. at 1356. Demanding more than a metaphysical doubt respects the proper role of the summary judgment procedure: "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive [*5] determination of every action." Celotex, 477 U.S. at 327, 106 S. Ct. at 2555.

### III. DISCUSSION

Smith originally brought suit to recover for defamation, invasion of privacy, and negligence. The claim for invasion of privacy was dismissed by Order of this Court on November 29, 2000. Summary judgment was granted with respect to Smith's defamation claim by Order of this Court on September 7, 2001. The Court denied summary judgment with respect to negligence claims, determining that Smith was asserting only state law claims of negligence.

To assert a negligence claim, the plaintiff must prove: 1) duty 2) breach 3) causation and 4) damages. See Bray v. Brooks, 41 S.W. 3d 7 (Mo. Ct. App. 2001) (setting forth the established elements of negligence). Defendants assert that Smith has failed to establish a claim of state law negligence. Defendants assert that they had no duty to Smith because he is a noncustomer. Courts have held that banks do not owe a duty to noncustomers. See Guidry v. Bank of LaPlace, 954 F.2d 278 (5th Cir. 1992) ("a bank owes no duty to those not its customers"); Polzer v. TRW, Inc., 256 A.D.2d 248, 682 N.Y.S.2d 194 (N.Y. App. Div. 1998) [*6] (plaintiffs failed to state a cause of action for negligence because Defendants had no special relationship with the plaintiffs or with the imposter who stole plaintiffs' personal information and fraudulently obtained the credit cards); Software Design and Application, Ltd. v. Hoefer & Arnett, Inc., 49 Cal. App. 4th 472, 56 Cal. Rptr. 2d 756 (Cal. App. 1 Dist. 1996); and Volpe v. Fleet Nat'l Bank, 710 A.2d 661 (R.I. 1998). Smith has maintained that he was not a customer of Defendants. (Smith's deposition at 144:6-20; Complaint at P 28). Furthermore, Smith has failed to set forth by affidavit or other evidence specific facts showing that Defendants owe him a duty. Instead, he has failed to address his state law negligence claims and has made no showing that a genuine issue of material fact exists on these claims.

Furthermore, after reviewing Smith's suggestions in opposition and other pleadings, it is apparent that he is still attempting to assert a claim under the Fair Credit Reporting Act ("FCRA"). By previous Orders, the Court has held that Smith's negligence claim was outside the realm of the FCRA. Even if his claim was properly brought pursuant to the FCRA, the claim [*7] would fail. Defendants assert that they had no duty to investigate Smith's disputes because the duty to investigate arises only when a consumer reporting agency provides the furnishers of information with notice of a dispute. In his suggestions in opposition to Defendants' motion to reconsider, Smith focuses his arguments on whether the Defendants failed to conduct an investigation. (Smith's suggestions in opposition to Defendants' motion to reconsider, p. 3-6). Smith claims, for the first time, that he notified national consumer reporting agencies and Defendants of the dispute with his credit report.

Section 1681s-2 of the Fair Credit Reporting Act, of which both Smith and the Defendants rely, addresses the responsibilities of furnishers of information to consumer reporting agencies. "After receiving notice pursuant to section 1681(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a *consumer reporting agency,* the person shall - (A) conduct an investigation with respect to the disputed information ...." 15 U.S.C. 1681s-2(b)(1) (emphasis added). Thus, the furnisher of information must [*8] receive notice of the dispute pursuant to § 1681i(a)(2). Section 1681i(a)(2) provides that within five days after a *consumer reporting agency* receives notice of a dispute from any consumer in accordance with 1681i(a)(1), the agency shall provide notice to the furnisher of information. However, § 1681i(a)(1) requires that the *consumer must notify the agency directly of a dispute.*

Courts have recognized the requirement that before a furnisher of information must investigate a dispute, the consumer must first notify the agency, who will then

notify the furnisher of information. See Hovater v. Equifax, Inc., 823 F.2d 413 (11th Cir. 1987); Jaramillo v. Experian Info. Solutions, Inc., 155 F. Supp. 2d 356 (E.D. Pa. 2001); Yelder v. Credit Bureau of Montgomery, L.L.C., 131 F. Supp. 2d 1275 (M.D. Ala. 2001); Dornhecker v. Ameritech Corp., 99 F. Supp. 2d 918 (N.D. Ill. 2000); and McMillan v. Experian Info. Services, Inc., 119 F. Supp. 2d 84 (D. Conn. 2000). The only information provided by Smith addressing this requirement is that through his attorney he notified Defendants of a dispute. The record [*9] contains no evidence that Smith notified consumer reporting agencies. (Smith's deposition at 125-126). Furthermore, the record lacks evidence that a consumer reporting agency in turn notified Defendants of the dispute. (Stipulation of Uncontroverted Facts, P 24). Therefore, Defendants duty to investigate was not triggered. Because the duty to investigate was not triggered, there cannot be a breach of that duty.

### IV. CONCLUSION

As outlined above, Smith has failed to establish a negligence claim. Therefore, the Court GRANTS Defendants' motion for summary judgment with respect to Smith's negligence claims.

This judgment resolves all outstanding claims in this case. Therefore, the Court enters final judgment for Defendants and against Plaintiff on all of Plaintiffs claims.

IT IS SO ORDERED.

/s/ DEAN WHIPPLE

Dean Whipple

United States District Judge

Date: October 3, 2001

JUDGMENT IN A CIVIL CASE

X **Decision by Court.** This action has come before the Court as a briefed matter and a decision has been rendered.

**ORDERED that:**

The Court **GRANTS** Defendants' motion to reconsider. The Court **GRANTS** Defendants' motion for summary judgment [*10] with respect to Smith's negligence claims. This judgment resolves all outstanding claims in this case. Therefore, the Court enters final judgment for Defendants and against Plaintiff on all of Plaintiff's claims.

October 3, 2001
Date