# EXHIBIT F

LEXSEE 2004 U.S. DIST. LEXIS 21786 (D.D.C. 2004)

**DEREK T. WILSON, Plaintiff, v. PRUDENTIAL FINANCIAL, et al., Defendants.**

Civil Action, No.: 03-2313 (RMU), Document No.: 23

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

2004 U.S. Dist. LEXIS 21786

October 18, 2004, Decided

**PRIOR HISTORY:** Wilson v. Prudential Fin., 332 F. Supp. 2d 83, 2004 U.S. Dist. LEXIS 16845 (D.D.C., 2004)

**DISPOSITION:** Carco's Motion to Dismiss granted in part and denied in part. Carco's Motion for Summary Judgment denied.

**COUNSEL:** [*1] For DEREK T. WILSON, Plaintiff: Kevin L. Chapple, Washington, DC.

For PRUDENTIAL FINANCIAL, Defendant: Stephanie Louise Marn, PROSKAUER ROSE LLP, Washington, DC. CARCO GROUP, INCORPORATED, Mariana del Valle B ravo, CARR MALONEY PC, Washington, DC. William Edward Buchanan, CARR MALONEY PC, Washington, DC. James P. Steele, CARR MALONEY PC, Washington, DC.

**JUDGES:** RICARDO M. URBINA, United States District Judge.

**OPINIONBY:** RICARDO M. URBINA

**OPINION:**

### MEMORANDUM OPINION

### GRANTING IN PART AND DENYING IN PART CARCO'S MOTION TO DISMISS;

### DENYING CARCO'S MOTION FOR SUMMARY JUDGMENT

### I. INTRODUCTION

Derek T. Wilson ("the plaintiff") allegedly lost his offer for at-will employment due to a problematic background check. He brings suit against the company that processed his background check, CARCO Group, Inc. ("CARCO"), alleging negligence (count one) and defamation (count two). The case is now before the court on CARCO's motion to dismiss for failure to state a claim or, in the alternative, for summary judgment. Because the plaintiff states a claim for negligence, and because there are genuine issues as to material facts, the court denies CARCO's motion to dismiss or for summary judgment [*2] with respect to count one. Because the plaintiff does not plead malice or wilful intent as required by the Fair Credit Reporting Act ("FCRA"), however, the court grants CARCO's motion to dismiss with respect to count two.

### II. BACKGROUND

#### A. Factual History

The court discussed the facts of this case in *Wilson v. Prudential Fin.*, 332 F. Supp. 2d 83, 2004 WL 1898290 (D.D.C. 2004), and therefore limits the background information in this opinion to what will be necessary to resolve the instant motion. Specifically, the plaintiff alleges the following facts: in 2002, Prudential offered the plaintiff a position for at-will employment. Compl. P 2. The plaintiff accepted the offer. *Id.* P 4. On August 1, 2002, Prudential sent the plaintiff a letter "confirming his acceptance of [Prudential's] offer" and indicating that the offer was contingent on the satisfactory completion of a background-verification process that Prudential expected to take ten days. *Id.* PP 5-6, 25.

CARCO is a "consumer reporting agency," as defined by the FCRA. CARCO's Mot. to Dismiss ("Def.'s Mot") at 7; Opp'n at 3. Prudential retained CARCO to complete their background-verification process, [*3] and on September 3, 2002, CARCO provided Prudential with an investigative consumer report. *Compl.* PP 13-14; Reply at 3 (describing CARCO's report as an "investigative consumer report[]").

CARCO's report contained a section on criminal history, and CARCO entered the word "pending" in the box correlating to the status of the plaintiff's supposed criminal history in Oklahoma. Compl. P 14. On the same day that Prudential received CARCO's report, Prudential sent

Case 1:06-cv-00634-GK   Document 5-7   Filed 04/12/2006   Page 3 of 7

Page 2
2004 U.S. Dist. LEXIS 21786, *

the plaintiff a copy of the report and a letter denying the plaintiff's application for employment. *Id.* P 9. Prudential cited an incomplete, unsatisfactory, and untimely background verification as the reason for its denial. *Id.* PP 9-11, 16.

The plaintiff subsequently contacted Oklahoma authorities, who informed the plaintiff that there were no criminal charges pending against him. *Id.* P 19. The plaintiff also ordered a background check from the Oklahoma State Bureau of Investigation. *Id.* He learned that although there are persons named "Derek Wilson" and "Derrick Wilson" against whom charges are pending, neither shares the plaintiff's social-security number or date of birth. *Id.* P 20. On September 5, 2002, the [*4] plaintiff informed CARCO that his personal history was clear of criminal charges and asked CARCO to send an amended report to Prudential. *Id.* P 21. On September 6, 2002, CARCO sent Prudential an amended report indicating that the plaintiff had no criminal charges "pending" against him. *Id.* P 22. On September 25, 2002, Prudential sent the plaintiff a third letter stating that Prudential was aware that the plaintiff's background was clear and that Prudential would contact the plaintiff "when a suitable position became available." *Wilson*, 332 F. Supp. 2d 83, 2004 WL 1898290, at *2. Prudential never hired the plaintiff.

### B. Procedural History

On November 1, 2002, the plaintiff brought suit in the Superior Court of the District of Columbia, claiming breach of contract by Prudential and negligence and defamation by CARCO. *Wilson v. Prudential Financial*, 218 F.R.D. 1, 2 (D.D.C. 2003). On December 18, 2002, Prudential removed the action to this court on the basis of diversity. On January 6, 2003, CARCO filed a motion to dismiss for failure to state a claim or, in the alternative, for summary judgment. On February 26, 2003, the plaintiff moved the court to extend [*5] time through March 26, 2003 to file his responses to the defendants' motions. The court denied the plaintiff's motion to extend time, however, and granted, as conceded, the defendants' motions to dismiss (the court dismissed the plaintiff's complaint without prejudice). *Id.* at 4.

In November 2003, the plaintiff once again brought suit against Prudential and CARCO. *Wilson*, 332 F. Supp. 2d 83, 2004 WL 1898290, at *1. The plaintiff reasserted his claim of breach of contract by Prudential and negligence and defamation by CARCO. *Id.* The court granted Prudential's motion to dismiss, but denied CARCO's motion to dismiss for insufficiency of service of process and directed the plaintiff to perfect service. *Id.* at *7.

In August 2004, after the plaintiff perfected service, CARCO moved to dismiss for failure to state a claim or, in the alternative, for summary judgment. *See generally* Def.'s Mot. On August 28, 2004, the plaintiff filed oppositions to the defendants' motion to dismiss, and on August 31, 2004, the defendants filed their reply. The court now turns to CARCO's motion.

### III. ANALYSIS

#### A. Legal Standards

#### 1. Motion to Dismiss Pursuant to 12(b)(6)

A [*6] Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint. *Browning v. Clinton*, 352 U.S. App. D.C. 4, 292 F.3d 235, 242 (D.C. Cir. 2002). To survive such a motion, the complaint need only set forth a short and plain statement of the claim, giving the defendant fair notice of the claim and the grounds upon which it rests. *Kingman Park Civic Ass'n v. Williams*, 358 U.S. App. D.C. 295, 348 F.3d 1033, 1040 (D.C. Cir. 2003) (citing FED R. CIV. P. 8(a)(2) and *Conley v. Gibson*, 355 U.S. 41, 47, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957)). "Such simplified notice pleading is made possible by the liberal opportunity for discovery and the other pre-trial procedures established by the Rules to disclose more precisely the basis of both claim and defense to define more narrowly the disputed facts and issues." *Conley*, 355 U.S. at 47-48 (internal quotation marks omitted). It is not necessary for the plaintiff to plead all elements of his prima facie case in the complaint, *Swierkiewicz v. Sonoma N.A.*, 534 U.S. 506, 511-14, 152 L. Ed. 2d 1, 122 S. Ct. 992 (2002), or "plead law or match facts to every [*7] element of a legal theory." *Krieger v. Fadely*, 341 U.S. App. D.C. 163, 211 F.3d 134, 136 (D.C. Cir. 2000) (internal quotation marks and citation omitted).

Accordingly, "the accepted rule in every type of case" is that a court should not dismiss a complaint for failure to state a claim unless the defendant can show beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Warren v. District of Columbia*, 359 U.S. App. D.C. 179, 353 F.3d 36, 37 (D.C. Cir. 2004); *Kingman Park*, 348 F.3d at 1040. Thus, in resolving a Rule 12(b)(6) motion, the court must treat the complaint's factual allegations - including mixed questions of law and fact - as true and draw all reasonable inferences therefrom in the plaintiff's favor. *Macharia v. United States*, 357 U.S. App. D.C. 223, 334 F.3d 61, 64, 67 (D.C. Cir. 2003); *Holy Land Found. for Relief & Development v. Ashcroft*, 357 U.S. App. D.C. 35, 333 F.3d 156, 165 (D.C. Cir. 2003); *Browning*, 292 F.3d at 242. While many well-pleaded complaints are conclusory, the court need not accept as true inferences [*8] unsupported by facts set out in the complaint or legal conclusions cast as factual allegations. *Warren*, 353 F.3d at 39; *Browning*, 292 F.3d at 242.

### 2. Summary Judgment

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986); *Diamond v. Atwood*, 310 U.S. App. D.C. 113, 43 F.3d 1538, 1540 (D.C. Cir. 1995). To determine which facts are "material," a court must look to the substantive law on which each claim rests. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986). A "genuine issue" is one whose resolution could establish an element of a claim or defense and, therefore, affect the outcome of the action. *Celotex*, 477 U.S. at 322; *Anderson*, 477 U.S. at 248.

In ruling on [*9] a motion for summary judgment, the court must draw all justifiable inferences in the nonmoving party's favor and accept the nonmoving party's evidence as true. *Anderson*, 477 U.S. at 255. A nonmoving party, however, must establish more than "the mere existence of a scintilla of evidence" in support of its position. *Id.* at 252. To prevail on a motion for summary judgment, the moving party must show that the nonmoving party "failed to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. By pointing to the absence of evidence proffered by the nonmoving party, a moving party may succeed on summary judgment. *Id.*

In addition, the nonmoving party may not rely solely on allegations or conclusory statements. *Greene v. Dalton*, 334 U.S. App. D.C. 92, 164 F.3d 671, 675 (D.C. Cir. 1999); *Harding v. Gray*, 9 F.3d 150, 154 (D.C. Cir. 1993). Rather, the nonmoving party must present specific facts that would enable a reasonable jury to find in its favor. *Greene*, 164 F.3d at 675. [*10] If the evidence "is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (internal citations omitted).

### B. Negligence

In his first cause of action, the plaintiff claims that CARCO failed to deliver an accurate background-verification report to Prudential in a timely manner. Compl. P 24. For the reasons that follow, the court holds that the plaintiff states a claim for negligence and therefore denies CARCO's motion to dismiss or for summary judgment on the plaintiff's negligence count.

The court begins by noting that the plaintiff does not appear to dispute the defendant's application of District of Columbia negligence law or what that law entails. *Compare* Def.'s Mot. at 5 (applying District of Columbia law) *with* Opp'n at 3-5 (responding to the defendant's arguments on negligence without disputing the application of District of Columbia law). A claim for negligence in the District of Columbia has four elements: (1) the defendant owed a duty to the plaintiff, (2) the defendant breached its duty, (3) and that breach was the proximate cause of (4) damages sustained by the plaintiff. *Powell v. District of Columbia*, 634 A.2d 403, 406 (D.C. 1993). [*11] Although the plaintiff need not plead each of these elements in his complaint to survive a motion to dismiss, he must at least present facts to demonstrate that negligence provides the appropriate remedy for his grievance. *See Swierkiewicz*, 534 U.S. at 511-14.

Section 1681h(e) limits negligence actions against consumer reporting agencies to those provided in § § 1681n (providing for civil liability for *willful* noncompliance) & 1681o (providing for civil liability for *negligent* noncompliance). 15 U.S.C. § 1681h(e). Section 1681o, in turn, indicates that damages for negligence may only be recovered against a consumer reporting agency if the negligence arises from a breach of the requirements set forth in the FCRA. 15 U.S.C. § 1681o. In essence, therefore, with only a few exceptions, the only duties that may be actionable against CARCO are those enumerated in the FCRA.

The thrust of CARCO's motion is directed at the "duty" element of negligence. Def.'s Mot. at 6. In his complaint, the plaintiff asserts that CARCO owed a duty to the plaintiff to report to Prudential in an accurate and timely manner. Compl. P 24. [*12] In making this assertion, the plaintiff notes that CARCO is a "consumer reporting agency" that Prudential retained for the purpose of completing the background-verification process. *Id.* P 8. In his opposition, the plaintiff clarifies his position by explaining that the FCRA requires a consumer reporting agency, such as CARCO, to "adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information[.]" Opp'n at 3-4 (citing *Jones v. Federated Financial Reserve Corp.*, 144 F.3d 961, 965 (6th Cir. 1998) (citing 15 U.S.C. § 1681(b)).

CARCO argues that the plaintiff's claim regarding CARCO's duty to provide Prudential with an accurate and timely report is nothing more than a conclusory legal statement. Def.'s Mot. at 6. CARCO also states that the plaintiff did not sufficiently assert the applicability of the FCRA in his pleadings and did not claim that CARCO had a duty to adopt reasonable procedures regarding fair and accurate dissemination [*13] of information to third

Case 1:06-cv-00634-GK    Document 5-7    Filed 04/12/2006    Page 5 of 7

Page 4
2004 U.S. Dist. LEXIS 21786, *

parties in a timely matter. Reply at 2. CARCO also believes that the background verification report "speaks for itself." Def.'s Mot. at 2.

The court determines that the FCRA analysis that the plaintiff relies on is reasonably inferred from his assertion that CARCO is a "consumer reporting agency." Compl. P 8. Although not specifically quoted by the plaintiff, § 1681e(b) requires consumer reporting agencies to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). Moreover, in a case that has particular relevance to the instant action, the D.C. Circuit has determined that even where a credit report contains factually correct information, that report does not comply with the FCRA if the information nonetheless misleads the readers. *Koropoulos v. Credit Bureau, Inc.*, 236 U.S. App. D.C. 136, 734 F.2d 37, 40 (D.C. Cir. 1984) (rejecting lower court's argument that § 1681e(b) "makes a credit reporting agency liable for damages only if the report contains statements that are technically untrue").

As indicated above, [*14] to survive a motion to dismiss, the complaint need only set forth a short and plain statement of the claim, giving the defendant fair notice of the claim and the grounds upon which it rests. *Kingman Park Civic Ass'n*, 348 F.3d at 1040. Although the court interprets the facts in the complaint in the light most favorable to the non-moving party, the plaintiff's memoranda may be used to clarify the allegations set forth in his complaint. *See Pegram v. Herdrich*, 530 U.S. 211, 230, 147 L. Ed. 2d 164, 120 S. Ct. 2143 (2000). In this case, the plaintiff alleges that CARCO is a consumer reporting agency and that the word "pending" and the timing of the report produced the type of result that 15 U.S.C. § 1681e(b) seeks to prevent. *See* Compl. PP 8, 24-31; *see also Koropoulos*, 734 F.2d at 40 n.4 (noting the congressional purpose in the FCRA of preventing "*misleading* information") (quoting 115 Cong. Rec. 2411 (1969)) (emphasis added by D.C. Circuit). Accordingly, the plaintiff sets forth sufficient facts alleging that CARCO breached a duty arising under the FCRA to adopt reasonable procedures to prevent misleading information and [*15] that this breach harmed the plaintiff. n1 The court thus determines that, at least at this stage of the proceedings, the plaintiff satisfies the conditions set forth under § 1681o and § 1681h(e), and Federal Rule of Civil Procedure 12(b)(6), for stating a claim of negligence. n2

> n1 CARCO does not argue that a lack of injury defeats the plaintiff's negligence claim. Since it is unnecessary for the plaintiff to plead all elements of his prima facie case in the complaint, *Swierkiewicz*, 534 U.S. at 511-14, or "plead law or match facts to every element of a legal theory," *Krieger*, 211 F.3d at 136 (internal quotation marks and citation omitted), the court need not engage in its own analysis of injury. Furthermore, the court notes that although in its previous ruling it held that potential at-will employees generally have "no remedy in contract law against a perspective employer," *Wilson*, 332 F. Supp. 2d 83, 2004 WL 1898290, at *6, such a determination does not necessarily bar recovery against a consumer reporting agency under a tort theory.

[*16]

> n2 Of course, CARCO argues that "pending" refers to the status of the investigation, not the plaintiff's actual criminal history, but CARCO's argument shows how reasonable people can differ on the meaning of a word, not that the plaintiff can prove no set of facts in support of his claim of that would entitle him to relief. *Warren*, 353 F.3d at 37; *cf. Guimond v. Trans Union Credit Information Co.*, 45 F.3d 1329 (9th Cir. 1995) (stating that the reasonableness of an agency's attempt to comply with the FCRA "will be [a] jury question[] in the overwhelming majority of cases").

CARCO has also moved for summary judgment on the plaintiff's negligence claim. Def.'s Mot. at 2-4. The one affidavit that CARCO submitted in support of its motion for summary judgment (which affidavit this court has not considered for purposes of adjudicating CARCO's motion to dismiss) does nothing to remove the genuine issues of material fact in this case concerning, for example, whether CARCO's report complied with the duty not to present misleading information that the FCRA imposes [*17] on entities such as CARCO. The court therefore denies CARCO's motion for summary judgment. *TSC Industries, Inc. v. Northway, Inc.*, 426 U.S. 438, 450 n.12, 48 L. Ed. 2d 757, 96 S. Ct. 2126 (stating that "the jury's unique competence in applying the 'reasonable man' standard is thought ordinarily to preclude summary judgment in negligence cases"); *Gracyalny v. Westinghouse Elec. Corp.*, 723 F.2d 1311 (7th Cir. 1983) (stating that, "in negligence cases, questions concerning the reasonableness of the parties' conduct, foreseeability and proximate cause particularly lend themselves to decision by a jury. Thus, summary judgment is rarely appropriate in negligence cases") (internal citations omitted); *Brandstetter v. National R. Passenger Corp.*, 1987 U.S. Dist. LEXIS 16082, 1987 WL 25664, *4 n.4 (D.D.C. 1987) (stating that "issues of conformity

with applicable standards of care, proximate cause and forseeability are peculiarly fact-specific and contextual, and invariably concern considerations of reasonableness and credibility of evidentiary sources that are best left to the sound discretion of the trier of fact. Hence it is exceedingly rare for a negligence case . . . to be resolved [*18] on summary judgment"); *cf. Paraskevaides v. Four Seasons Washington*, 352 U.S. App. D.C. 182, 292 F.3d 886, 893 (D.C. Cir. 2002) (stating that "whether a plaintiff is contributorily negligent is usually a question for the jury") (citation omitted).

### C. Defamation

The plaintiff next asserts that CARCO defamed him by submitting a background-verification report to Prudential with the word "pending" listed in the box correlating to the status of the plaintiff's supposed criminal history in Oklahoma. Compl. PP 13-14. For the reasons that follow, the court grants CARCO's motion to dismiss the plaintiff's defamation allegation.

#### 1. Limitation of Liability Under the FCRA

Although neither party has raised the FCRA's limitation of liability provision in connection with the defamation claim, the court notes that 15 U.S.C. § 1681h(e) provides a reason independent from statute of limitations to dismiss count two. n3 Indeed, the statute of limitations for claims arising under the FCRA is two years, and therefore the plaintiff's claim would not be time-barred when considered in the context of the FCRA. 15 U.S.C. § 1681p. [*19]

> n3 *Cf. Chute v. Walker*, 281 F.3d 314, 319 (1st Cir. 2002) (indicating that a *sua sponte* decision without notice is justified if "it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile").

Section 1681h(e) states that

> Except as provided in sections 1681n and 1681o of this title, no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report except as to false information furnished with malice or willful intent to injure such consumer.

15 U.S.C. § 1681h(e). [*20] To overcome this qualified immunity, the plaintiff must therefore show that CARCO furnished information with malice or willful intent to injure. *See, e.g., Thornton v. Equifax, Inc.*, 619 F.2d 700, 703 (8th Cir. 1980). The plaintiff has not claimed malice or willful intent to injure the plaintiff in his complaint, *cf.* Compl. P 34 (stating that CARCO "either knew or should have known that the false and defamatory statement it punished to Prudential was not true"), and there is no provision in sections 1681n and 1681o that would allow his defamation claim to proceed without these elements. Accordingly, CARCO is protected by the qualified immunity conferred by the FCRA, and the court dismisses the plaintiff's claim of defamation for failure to state a claim. n4

> n4 Even if the FCRA did not preempt the plaintiff's claim, the applicable statute of limitations under state law would bar recovery. When, as the parties in this case argue, a conflict of law exists, the court must use the choice of law rules for the state in which it sits. *Klaxon Co. v. Stentor Electric Manufacturing Co., Inc.*, 313 U.S. 487, 85 L. Ed. 1477, 61 S. Ct. 1020 (1941); *A.I. Trade Finance v. Petra Intern. Banking Corp*, 314 U.S. App. D.C. 122, 62 F.3d 1454, 1458 (D.C. Cir. 1995). The choice of law rules for the District of Columbia treat statutes of limitation as procedural, and therefore compel the court to apply the statute of limitation for the District of Columbia. *A.I. Trade Finance*, 62 F.3d at 1459.
>
> In the District of Columbia, the statute of limitations for defamation claims is one year from the date of first publication. D.C. Code § 12-301(4); *Mullin v. Washington Free Weekly, Inc.*, 785 A.2d 296, 298 n. 2 (D.C. 2001). District of Columbia courts adhere strictly to the one-year limitation, *Mullin*, 785 A.2d at 298, and follow the "single publication" rule, under which publication of defamatory matter "gives rise to but one cause of action for libel, which accrues at the time of the original publication[.]" *Ogden v. Ass'n of the United States Army*, 177 F. Supp. 498, 502 (D.D.C. 1959). Because the statute of limitations runs from the date of the original publication, any

subsequent sale or delivery of a copy of the publication does not create a new cause of action. *Id.*

Viewing the facts of this case in the light most favorable to the plaintiff, the alleged defamation occurred on September 3, 2002. Compl. P 19 (referring to CARCO's "September 3, 2002, background verification report"). As indicated above, the plaintiff first brought suit on November 1, 2002, and the court dismissed his complaint without prejudice on March 23, 2003. Opp'n at 1-2. The plaintiff then brought the present suit on November 7, 2003. *See generally* Compl. Accordingly, applying the District of Columbia's statute of limitations as a matter of procedure, and considering that courts narrowly construe the District of Columbia's statute to bar any claim that fails to toll the statute within the time allotted, the plaintiff's suit for defamation would be barred because it was filed over a year after the alleged defamatory publication.

The plaintiff's November 1, 2002, suit did not toll the statute. "If a plaintiff mistakes his remedy, in the absence of any statutory provisions saving his rights, or where from any cause . . . the action abates or is dismissed, and, during the pendency of the action, the limitation runs, the remedy is barred." *Carter v. Washington Metropolitan Area Transit Authority*, 246 U.S. App. D.C. 221, 764 F.2d 854, 856 (D.C. Cir. 1985) (citing *Willard v. Wood*, 164 U.S. 502, 523, 41 L. Ed. 531, 17 S. Ct. 176 (1896)). This premise holds true whether the pending action was voluntarily or involuntarily dismissed. *See Dupree v. Jefferson*, 215 U.S. App. D.C. 43, 666 F.2d 606, 611 (D.C. Cir. 1981) (addressing the pendency of voluntarily dismissed actions); *York & York Construction Co. v. Alexander*, 296 A.2d 710, 712 (D.C. 1972) (addressing the pendency of involuntarily dismissed actions).

Furthermore, the plaintiff has not identified any reason to equitably toll the statute. *Cf. Carter*, 764 F.2d at 858 (noting that "exceptions to the general rule of strict application are seen as justifiable only when the court perceives that an extraordinarily inequitable outcome would otherwise obtain"). Accordingly, even if the FCRA did not impose a statute of limitations, the plaintiff's defamation claim would fall outside the one-year period that the District of Columbia statute of limitations prescribes. *See Smith v. Brown & Williamson Tobacco Corp.*, 3 F. Supp. 2d 1473, 1475 (D.D.C. 1998).

[*21]

## IV. CONCLUSION

For the foregoing reasons the court denies CARCO's motion to dismiss the plaintiff's negligence count; denies CARCO's motion for summary judgment on the plaintiff's negligence count; and grants CARCO's motion to dismiss the plaintiff's defamation count. An order consistent with this Memorandum Opinion is separately and contemporaneously issued on this 18th day of October, 2004.

RICARDO M. URBINA

United States District Judge