IN THE UNITED STATES DISRICT COURT.
FOR THE DISTRICT OF COLUMBIA.
333 Constitution Avenue, N.W.
Washington, DC 20001

| | | |
|---|---|---|
| (Obidimkpa U. Ikezuagu) | ) | |
| Plaintiff(s) | ) | |
| | ) | |
| Vs | ) | CASE NO.: 06 0634 GK |
| | ) | |
| (Bank of America) | ) | |
| Defendants(s) | ) | |

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

**I- INTRODUCTION**

Defendant's Motion to Dismiss frames arguments which ignore central facts and misinterprets constitutional law as well as fair credit acts law. As to standing, plaintiffs are not gadflies in search of a fight. Rather, has suffered personal, actual and continuing damage by the acts of defendants, and seek to preserve their own constitutional rights to propagate and practice their free from unlawful interference and censure. The acts of the defendant were not only intentionally but irresponsible throughout the proceedings in which the defendant's had opportunity to do right by the law but chosen their beliefs which is against the law and were harmful, hateful, and deceptive to the defendant. The intention and purpose of the defendant, as evidenced by the cause of history and the language of the legitimate enactment, give ample evidence that the defendants' purpose was the critical remark of the plaintiffs'. The defendant action cause harm and future harm to the plaintiffs.

As to the assertion of mootness, the defendants pretend that injunctive relief was the only relief sought, and that the issuance of the defendant moots this case. However the Complaint plainly also show time line in which the defendant has fell to act which is harmful to the plaintiff which is against the law. Such claim

RECEIVED
MAY 17 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

OBIDIMKPA U. IKEZUAGU.  PERMANENT ADDRESS: 3416 PARK PLACE NW, WASHINGTON DC 20010  | BUSINESS ADDRESS: 8203 SPRINGFIELD TERR, FORESTVILLE MD 20747  |  CONTACT PHONE: (202) 270-5748   EMAIL: OIKEZ@YAHOO.COM

1

retains both vitality and justifiability.

Finally, defendants' assertion that the action against them is barred by the law is simply wrong. Defendants are not shielded from declaratory relief or motion to dismiss as to their prior violations rights of the defendant's and fair credit acts law. Plaintiffs have stated a justifiable claim. The motion to dismiss should be denied.

## II – STATEMENT OF FACTS

In August of 2003 Plaintiff discovered error on the Equifax, Experian, TransUnion and other Credit Bureau Reporting Companies. Plaintiff dispute the error to defendant's. Plaintiff's received letters as well as an auto title which show that the outstanding debt has been cleared. In or before August 14, 2003, the Defendant informed the Plaintiff that Experian, Trans Union and Credit Bureau Inc. (Equifax, Inc.) would be notified to remove any delinquent status on the credit report as well as timeline. On January 2006, the Plaintiff discovers that the Defendant has still not corrected the error on the Plaintiff credit files. Exhibit A, dated January 24th, 2006 acknowledging by the Defendant that the charges and obligation with the Defendant was or has been paid in full and satisfied (payment in full). Plaintiff reasonably relied upon the last payment on 7-14-2003 to believe that the error had been corrected. For almost 30 months, Defendant fell to report accurate information. Defendant fell to obey the law. Defendant's action cause harmful to the plaintiff's which the plaintiff is entitled to. Plaintiff was forced to leave due to the inaccurate and error of the Defendant. Exhibit B. The Equifax credit report dated January 19th, 2006; lists the Plaintiff by the Defendant's as Pay Status: balance of **$333**. This balance in question was paid as of August 7th, 2003. Plaintiff's respectfully requests that the Court deny defendants' motion to dismiss.

## III -VIOLATION OF THE FAIR CREDIT REPORTING ACT

Plaintiff re-alleges the allegations here-in above. According to the Fair Credit Reporting Act, section 623. Responsibilities of furnishers of information to consumer reporting agencies [15 U.S.C. § 1681s-2]: (a) Duty

Obidimkpa U. Ikezuagu.  Permanent Address: 3416 Park Place NW, Washington DC 20010  | Business Address: 8203 Thornfield Terr. Forestville MD 20747  |  Contact Phone: (202) 270-5748   Email: oikez@yahoo.com

2

of furnishers of information to provide accurate information. (1) Prohibition. (A) Reporting information with actual knowledge of errors. A person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or consciously avoids knowing that the information is inaccurate. (B) Reporting information after notice and confirmation of errors. A person shall not furnish information relating to a consumer to any consumer reporting agency if (i) the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and (ii) the information is, in fact, inaccurate. Defendant's report information with actual knowledge of errors. According to the Fair Credit Reporting Act, The Defendant's has (30) thirty days to update and report accurate information after a debts been paid. Defendant send letters on a different time reference the debts paid in full but report to the credit reporting companies pay status: a balance of $333 for more than (30) thirty months. Defendant fell to uphold Fair Credit Reporting Act and violate the plaintiff's rights of living and cause harm.

On January 24th, 2006, the Defendant's issued a letter acknowledging debts paid in full and satisfied (payment in full) as of July 2003. Plaintiff's, Equifax credit report, dated January 19th, 2006, and shows a trade line with inaccurate information listed by Defendant as well as to Experian, Trans Union a Credit Bureau Inc. Plaintiff respectfully requests that the Court deny defendants' motion to dismiss.

## IV- LOSS OF OPPORTUNITY

Plaintiff re-alleges the allegations set forth in here-in above. As a result of the Defendant's conduct, actions, and inaction, the Plaintiff's, who in fact had an good credit history, was unable to secure credit at favorable rates and was denied credit by three dealers because of defendant's action; reporting Pay Status: CHARGE OFF AS BAD DEBT and a balance of $333 to the Credit Bureaus as of Jan 2006. As a result of Defendant conduct, actions and inaction, the Plaintiff, was unable to secure favorable credit privileges. As a result, the Plaintiff incurred interest and finance charges relating to credit far in excess of what the plaintiff would have otherwise incurred had the Plaintiff been able to secure credit elsewhere. As a result of the Defendant

Obidimkpa U. Ikezuagu.  Permanent Address: 3416 Park Place NW, Washington DC 20010  | Business Address: 8203 Thornfield Terr, Forestville MD 20747  | Contact Phone: (202) 270-5748   Email: oikez@yahoo.com

3

conduct, actions and inaction, the plaintiff, was forced to accept and incur full liability and obligation of the auto lease due to the inaccurate credit score and damaging Plaintiff ability to obtain credit at favorable rates. As a result of the Defendant conduct, actions and inaction, the Plaintiffs suffered actual damages in the form of additional interest, expense and finance charges as well as extreme mental anguish and emotional distress, humiliation, and damage to their reputation for credit worthiness. Plaintiff respectfully requests that the Court deny defendants' motion to dismiss.

## V - DEFAMATION

Plaintiffs re-allege the allegations set forth in here-in above. Between July 7th, 2003 and Jan 2006, Defendants published to Equifax, a major credit reporting agency and Experian a major credit reporting agency, and TransUnion a Credit Bureau Inc a major reporting agency. The Defendant's published this information in writing to Equifax, a credit reporting agency and to Experian, Trans Union a Credit Bureau Inc. The Defendant's knew the statements were false when made or had no factual basis for making the statements. The Defendant's knew this because a letter to the Plaintiff's on January 24th, 2006 acknowledging that the account was paid in full as of July 7th, 2003 as well as other letters before July 2003. Plaintiff's received an automobile title as well as a letter as an evidence of debts paid in full before July 2003. The written publications after July 2003 by the Defendant's constitute libel per se. The Plaintiff's have suffered extreme mental anguish, a loss of reputation, and a loss of ability to obtain credit. The Defendant's acts were malicious, willful, want on and to the total disregard of Plaintiff's just rights. The motion to dismiss should be denied.

## VI -NEGLIGENCE

Plaintiff's re-alleges the allegations set forth in here-in above. Civil liability for negligent noncompliance [15 U.S.C. § 1681o] (a) in general. Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the

sum of (1) any actual damages sustained by the consumer as a result of the failure; (2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court. (b) Attorney's fees. On a finding by the court that an unsuccessful pleading, motion, or other paper filed in connection with an action under this section was filed in bad faith or for purposes of harassment, the court shall award to the prevailing party attorney's fees reasonable in relation to the work expended in responding to the pleading, motion, or other paper. The Defendant had a duty of reasonable care not to injure the Plaintiff privacy, general reputation, or credit reputation. Between July 7th, 2003 and Jan 2006present, the Defendant's have negligently violated their duty of reasonable care to the Plaintiff's by continuing to report to Equifax, Experian, and Trans Union a Credit Bureau Inc. as severely delinquent and unpaid. As a direct and proximate result of the Defendant's negligence, the Plaintiff's have suffered extreme mental anguish, a loss of reputation, and a loss of ability to obtain credit. THEREFORE, Plaintiff's has suffered economic and psychological damages as a result of the negligence of Defendant's action and inaction. The motion to dismiss should be denied.

## VII – CONCLUSION

Plaintiff's have standing to present a controversy which remains alive and vital and in which substantial relief is sought. The issues in this case are important to these plaintiff's and important to the constitutional rights of the plaintiff's, subject to the unlawful conduct of the defendants. The motion to dismiss should be denied.

Respectfully submitted

By:-------------------------------

**(Obidimkpa U. Ikezuagu) Plaintiff(s)**
3416 Park Place NW
Washington DC 20010
**Phone:**
(202) 270-5748

*******************

# OBIDIMKPA U. IKEZUAGU

## CERTIFICATE OF SERVICE

*Wednesday, May 17, 2006.*

This is to certify that on Wednesday, May 17, 2006, a true copy of the foregoing motion document was served by first class mail to

                Counsel for Defendant's
                Mary Catherine Zinsner,
                Tameka M. Collier
                TROUTMAN SANDERS LLP
                1660 International Dr.
                Suite 600
                McLean, VA 22102

By: *[signature]*

**(Obidimkpa U. Ikezuagu)** Plaintiff(s)
3416 Park Place NW
Washington DC 20010
**Phone:**
(202) 270-5748