IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OBIDIMKPA U. IKEZUAGU, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 1:06cv00634 (GK) |
| ) | |
| BANK OF AMERICA, N.A., ) | |
| ) | |
| Defendant. ) | |

**REPLY MEMORANDUM IN SUPPORT OF BANK
OF AMERICA, N.A.'S MOTION TO DISMISS**

Defendant Bank of America, N.A. ("Defendant" or the "Bank"), by counsel, submits the following reply memorandum in support of its motion to dismiss the Complaint filed by Plaintiff Obidimkpa U. Ikezuagu ("Plaintiff"). Plaintiff's Complaint fails to state any viable cause of action against the Bank and his opposition brief does nothing to overcome the flaws. Plaintiff's Complaint should be dismissed with prejudice.

**ARGUMENT**

A.   **PLAINTIFF'S CLAIMS FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT SHOULD BE DISMISSED**

1.   **Plaintiff cannot sue under the civil enforcement provisions of the FCRA.**

Plaintiff's Complaint purports to assert claims for violation of 15 U.S.C. § 1681s-2(a) of the Fair Credit Reporting Act ("FCRA") and his opposition brief reiterates that the obligations allegedly breached are found in section 1681s-2(a). *See Opposition Brief* at 2-3. The FCRA, however, clearly states that section 1681s-2(a) is a civil enforcement provision. *See* 15 U.S.C. § 1681s-2(c) and (d) (limiting the enforcement of 1681s-2(a) to "[f]ederal agencies and officials and the State officials identified in that section."); *see also Ayers v. Equifax Info. Servs.*, 2003

U.S. Dist. LEXIS 23271 (E.D. Va. 2003); *Fino v. Key Bank*, 2001 U.S. Dist. LEXIS 24357 (W.D. Pa. 2001). Plaintiff cannot sue under the civil enforcement provisions of the FCRA and Counts I and II should be dismissed.

### 2. **Plaintiff has failed to allege that the Bank received notice of dispute.**

To the extent that the Complaint can be interpreted to include a claim under 15 U.S.C. § 1681s-2(b), the claim fails as a matter of law. A prerequisite to furnisher liability in a case alleging violation of section 1681s-2(b) of the FCRA is receipt by the furnisher of a notice of a dispute from a consumer reporting agency pursuant to § 1681i(a)(2). *See* § 1681s-2(b). The Complaint, and for that matter, plaintiff's opposition brief, is devoid of any reference to the requisite notice. Without the requisite notice from Plaintiff, the credit reporting agencies have no duty to forward the dispute to the furnisher and request that the furnisher conduct an investigation. *See, e.g., Bank One, N.A. v. Colley*, 294 F. Supp. 2d 864 (M.D. La. 2003) ("The statutory language of this section makes clear that the duties created by § 1681s-2(b) do not arise until the furnisher of information receives notice from a consumer reporting agency . . . that a consumer is disputing credit information.). In the absence of a notice, there have been no duties triggered under section 1681s-2(b) and there can be no recovery by this plaintiff under the FCRA.

### B. PLAINTIFF'S CLAIM FOR LOSS OF OPPORTUNITY SHOULD BE DISMISSED

Plaintiff claims that he has been unable to secure favorable credit and seeks to recover for "loss of opportunity." District of Columbia law does not recognize a cause of action for "loss of opportunity." Count III should be dismissed.

**C.    PLAINTIFF'S CLAIM FOR DEFAMATION SHOULD BE DISMISSED**

In Count IV of the Complaint, Plaintiff alleges that the Bank erroneously published to the credit reporting agencies a trade line indicating that Plaintiff's account was "charged off" with an outstanding balance of $333. (Compl. at ¶ 38).    Plaintiff's claim should be dismissed because it is clear from the facts alleged that it is preempted by the FCRA, and that any statements by the Bank are protected by a qualified privilege.[1]

**1.    Plaintiff's defamation claim is preempted by the Fair Credit Reporting Act.**

As discussed in the Bank's initial memorandum, state law claims arising from false information in credit reports are largely preempted by the FCRA.  *See* 15 U.S.C. § 1681h(e); *see also Wilson v. Prudential Financial*, 2004 U.S. Dist. LEXIS 21786 (D.D.C. 2004) (unpublished) (dismissing plaintiff's defamation claim as preempted).  Under the FCRA, a defamation can only stand if information has been furnished to credit reporting agencies with "malice or willful intent to injure."  The Complaint is devoid of any facts which would support a finding that the Bank acted with "malice or willful intent to injure."

Even if preemption is not found, Plaintiff's defamation claim fails because the Bank's statements, in the form of credit information trade lines, are entitled to a qualified privilege.  *See, e.g., Heard v. Johnson*, 810 A.2d 871, 886 (D.C. 2002)  ("To be qualifiedly privileged the communication must be one made in good faith upon a subject matter in which the party communicating has an interest or in reference to which he has, or honestly believes he has, a duty to a person having a corresponding interest or duty . . . .") (*citing Crowley v. North American Telecomms. Ass'n.*, 691 A.2d 1169, 1173 (D.C. 1997)).  Furnishers of information,

---

[1] Plaintiff alleges that the Bank reported the allegedly defamatory trade line between "July 7, 2003 and present." (Compl. at ¶ 38).  As the statute of limitations is one year from publication, Plaintiff may not recover for any trade lines that were published before March 15, 2005.  DC Code § 12-301; *see also Oparaugo v. Watts*, 884 A.2d 63, 72-73  (D.C. 2005)

3

such as the Bank, clearly have an interest in and a legal duty to report information regarding consumers to the credit reporting agencies, who also possess the same interests and duties. Thus, the Bank's statements to the credit reporting agencies are protected by a qualified privilege.

A plaintiff must prove actual malice to overcome the qualified privilege defense. *Heard*, 810 A.2d at 886 ("[I]f the language of the communication, and the circumstances attending its publication . . . are as consistent with the nonexistence of malice as with its existence, there is no issue for the jury, and it is the duty of the trial court to direct a verdict for the defendant.") (*citing May Dep't Stores Co. v. Devercelli*, 314 A.2d 767, 774 (D.C. 1973). As stated above, Plaintiff has not alleged any facts sufficient to support the conclusion that the Bank acted with malice when it reported the trade line to the credit reporting agencies. For this reason also, Plaintiff's claim for defamation should be dismissed.

**D.   PLAINTIFF'S CLAIM FOR NEGLIGENCE SHOULD BE DISMISSED**

In Count V, Plaintiff alleges that the Bank "negligently violated" its "duty of reasonable care" by continuing to report to the credit reporting agencies the trade line reflecting the charge off and outstanding balance. (Compl. at ¶ 47). Similar to Plaintiff's defamation claim, Plaintiff's negligence claim is preempted by the FCRA.

The FCRA preempts common law claims unless the furnisher provided the consumer reporting agencies information with "malice or willful intent to injure the consumer." 15 U.S.C. § 1681h(e). Plaintiff has not alleged any facts evincing that the Bank acted with malice or a willful intent to injure by continuing to report the trade line. Accordingly, Plaintiff's claim for negligence should be dismissed.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Complaint should be dismissed with prejudice and the Bank awarded its costs and fees, and any other relief the Court deems appropriate.

BANK OF AMERICA, N.A.

By: /s/ Mary Catherine Zinsner
      Of Counsel

Mary Catherine Zinsner, DC Bar No. 430091
Tameka M. Collier, DC Bar No. 488979
TROUTMAN SANDERS LLP
1660 International Drive
Suite 600
McLean, Virginia  22102
Telephone:  (703) 734-4334
Facsimile:  (703) 734-4340

*Counsel for Bank of America, N.A.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of May 2006, a true and accurate copy of the foregoing document was served by electronic and first-class mail to:

Obidimkpa U. Ikezuagu, *Pro Se*
3416 Park Place, NW
Washington, D.C.  20010

/s/ Mary Catherine Zinsner

#289521v1

5