IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **OBIDIMKPA U. IKEZUAGU,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil No. 1:06cv00634 (GK) |
| ) | |
| **BANK OF AMERICA, N.A.,** ) | |
| ) | |
| **Defendant.** ) | |

### REPORT OF BANK OF AMERICA, N.A.

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, LCvR 16.3 of the Local Rules, Defendant Bank of America, N.A. ("Bank" or "Defendant")[1], by undersigned counsel, submits this Report. Defendant avers that it attempted to reach agreement with the Plaintiff, who is *pro se*, on the terms of a joint report, but the parties were unable to reach agreement on content.

**I.  Statement of the Case**

Plaintiff filed a Complaint in the Superior Court for the District of Columbia on March 15, 2006, seeking compensatory and punitive damages, and asserting claims against the Bank for violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et. seq.,* "Loss of Opportunity," defamation and negligence. On April 6, 2006, the Bank removed the action to this Court.

Defendant has filed a motion to dismiss the Complaint. Defendant maintains that Plaintiff has sued improperly under the administrative enforcement provisions of the FCRA and has failed to allege that the Bank received notice of his dispute from the credit reporting agencies

---

[1] Plaintiff and counsel for Defendant have conferred several times via telephone and e-mail but have not been able to agree on certain issues and discovery deadlines. Accordingly, the parties will submit separate Reports.

which is a perquisite for liability under 15 U.S.C. § 1681s-2(b). Plaintiff's defamation and negligence claims are preempted by the FCRA and the Bank's statements are protected from liability by a qualified privilege. Finally, there exists no cause of action for "Loss of Opportunity." The Defendant's motion to dismiss has been fully briefed and is pending before the Court.

## II.    Magistrate Jurisdiction

Defendant does not wish to proceed to trial before a Magistrate Judge.

## III.    Settlement and ADR

The Parties have discussed settlement. Defendant will consider mediation/ADR.

## IV.    Initial Disclosures

Defendant proposes to exchange Initial Disclosures as described in Rule 26(a)(2) of the Federal Rules of Civil Procedure 30 days after entry of the Scheduling Order.

## V.    Joinder of Parties and Amendments to Pleadings

All motions to join additional parties or amend the pleadings must be filed within 15 days after entry of the Scheduling Order.

## VI.    Discovery

Defendant does not anticipate the need for extensive discovery and shall conduct discovery pursuant to the Federal Rules of Civil Procedure and the Local Rules. Defendant does not anticipate the need for a protective order but each party reserves the right to request the entry of such an order should it become necessary. Defendant proposes that all discovery shall be concluded 120 days after entry of the Scheduling Order.

**VII.    Expert Designations**

Defendant proposes that the parties shall designate any experts 60 days prior to the close of discovery.  Defendant shall designate any experts 30 days after Plaintiffs' expert designation. Plaintiffs shall file any rebuttal within 15 days of Defendant's expert designation.

**VIII.    Dispositive Motions**

Defendant proposes that they shall file any dispositive motions within 30 days of the conclusion of discovery.

**IX.    Pretrial Conference and Trial**

Defendant wishes to schedule a Pretrial Conference at the time of the Scheduling Conference on May 26, 2006.  Defendant wishes to schedule trial dates at the Pretrial Conference.

Respectfully submitted,

 /s/ Mary Catherine Zinsner
Mary Catherine Zinsner, DC Bar No. 30091
Tameka M. Collier, DC Bar No. 488979
TROUTMAN SANDERS LLP
1660 International Drive
Suite 600
McLean, Virginia  22102
Telephone:  (703) 734-4334
Facsimile:  (703) 734-4340

*Counsel for Bank of America, N.A*

3

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of May 2006, a true and accurate copy of the foregoing document was served by electronic and first-class mail to:

>Obidimkpa U. Ikezuagu, *Pro Se*
>3416 Park Place, NW
>Washington, D.C.  20010

/s/ Mary Catherine Zinsner

#290035v1