IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OBIDIMKPA U. IKEZUAGU, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 1:06cv00634 (GK) |
| ) | |
| BANK OF AMERICA, N.A., ) | |
| ) | |
| Defendant. ) | |

## BANK OF AMERICA, N.A.'S MOTION TO DISMISS

Defendant Bank of America, N.A. ("Defendant" or the "Bank"), by counsel, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, moves to dismiss the Complaint filed by Plaintiff Obidimkpa U. Ikezuagu ("Plaintiff). In support of this motion, the Bank states as follows:

1. Plaintiff's claims for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. fail because Plaintiff does not have standing to bring a claim pursuant to 15 U.S.C. § 1681s-2(a), and because Plaintiff failed to allege that the Bank received notice of his dispute from the credit reporting agencies which is a perquisite for liability pursuant to 15 U.S.C. § 1681s-2(b).

2. Plaintiff's claim for defamation is barred by the statute of limitations, preempted by 15 U.S.C. § 1681h (e), and protected by a qualified privilege.

3. Plaintiff's claim for negligence is preempted by 15 U.S.C. § 1681h(e).

4. Plaintiff's claim for "Loss of Opportunity" fails because there exists no such cause of action. Assuming a cause of action for "Loss of Opportunity" did exist, it would be preempted by 15 U.S.C. § 1681h(e).

In further support of this motion, the Bank relies on its supporting memorandum filed contemporaneously with this motion.

WHEREFORE, the Bank requests that Plaintiff's Complaint should be dismissed with prejudice and the Bank awarded its costs and fees, and any other relief the Court deems appropriate .

BANK OF AMERICA, N.A.

By: /s/ Tameka M. Collier
     Of Counsel

Mary Catherine Zinsner, DC Bar No. 430091
Tameka M. Collier, DC Bar No. 488979
TROUTMAN SANDERS LLP
1660 International Drive
Suite 600
McLean, Virginia  22102
Telephone:  (703) 734-4334
Facsimile:  (703) 734-4340

*Counsel for Bank of America, N.A.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of April 2006, a true and accurate copy of the foregoing document was served by first class mail, postage prepaid to:

Obidimkpa U. Ikezuagu, *Pro Se*
3416 Park Place, NW
Washington, D.C.  20010

/s/ Tameka M. Collier

#285165v1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OBIDIMKPA U. IKEZUAGU, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 1:06cv00634 (GK) |
| ) | |
| BANK OF AMERICA, N.A., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM IN SUPPORT OF BANK
OF AMERICA, N.A.'S MOTION TO DISMISS**

Defendant Bank of America, N.A. ("Defendant" or the "Bank"), by counsel, submits the following memorandum in support of its motion to dismiss the Complaint filed by Plaintiff Obidimkpa U. Ikezuagu ("Plaintiff).

**I. PRELIMINARY STATEMENT**

Plaintiff filed a Complaint in the Superior Court for the District of Columbia on March 15, 2006, in which he seeks statutory, compensatory and punitive damages, and asserts claims against the Bank for violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et. seq.*, "Loss of Opportunity," defamation and negligence. On April 6, 2006, the Bank removed the action to this Court. As described in detail below, even if Plaintiff's allegations are taken as true, they are not claims upon which relief may be granted. Plaintiff has sued improperly under the administrative enforcement provisions of the FCRA and has failed to allege that the Bank received notice of his dispute from the credit reporting agencies which is a perquisite for liability under 15 U.S.C. § 1681s-2(b). Plaintiff's defamation and negligence claims are preempted by the FCRA and the Bank's statements are protected from liability by a qualified privilege. Finally, there exists no cause of action for "Loss of Opportunity."

## II. STATEMENT OF FACTS AS ALLEGED BY PLAINTIFF

Plaintiff appears to allege that the Bank made an auto loan to the Plaintiff (Compl. at ¶ 9). Plaintiff alleges that in July 2003 he submitted a final payment to the Bank. Plaintiff further alleges that in August 2003, the Bank reported a trade line to the credit reporting agencies indicating that Plaintiff's account was delinquent and "charged off" with an outstanding balance of $333. (Compl. at ¶ 6). Plaintiff further alleges that he "dispute[d] the error to Bank of America through the standard dispute process outlined by Bank of America." (Compl. at ¶ 7). In January 2006, Plaintiff purportedly was denied financing or denied financing at favorable terms because the trade line reflecting the charge off and outstanding balance had not been removed from his credit report. (Compl. at ¶¶13-16). Plaintiff alleges to have suffered actual damages in the form of increased interest and finance charges as well as mental anguish and emotional distress.

## III. ARGUMENT

**A.   LEGAL STANDARD**

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move for dismissal of all or part of a complaint on the ground of failure to state a claim upon which relief can be granted. When analyzing the claim, the court must presume all factual allegations in the complaint are true. *Macharia v. United Sates*, 334 F.3d 61, 67 (D.C. Cir. 2003); *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). The court, however, must distinguish between general or conclusory allegations and the well-pled facts of the complaint. *Warren v. District of Columbia*, 353 F.3d 36, 39 (D.C. Cir. 2004). The court need not accept conclusions of law that are cast in the form of factual pleadings. *Browning*, 292 F.3d at 242 ("[W]e accept neither 'inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the

4

complaint,' nor 'legal conclusions cast in the form of factual allegations.'") (*citing Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1273 (D.C. Cir. 1994).

As discussed in more detail below, Plaintiff's Complaint consists of a reprint of entire sections of the FCRA coupled with conclusory legal allegations, unsupported by facts or law. The Complaint should be dismissed.

**B.    PLAINTIFF'S CLAIMS FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT SHOULD BE DISMISSED**

The FCRA is a consumer protection statute enacted to protect consumers from damage resulting from erroneous information in their credit reports. It provides for civil liability for actual, statutory and punitive damages for willful violations of its provisions and for actual damages for negligent violations. *See* 15 U.S.C. §§ 1681n and 1681o. The FCRA imposes obligations on three classes of persons: consumer reporting agencies, users of consumer reports, and furnishers of information to consumer reporting agencies. The obligations of "furnishers" of information, such as the Bank, are set forth in subsections (a) and (b) of 15 U.S.C. § 1681s-2.

**1.    Plaintiff lacks standing to sue under Section 1681s-2(a).**

Plaintiff purports to assert claims for violation of 15 U.S.C. § 1681s-2 because of the Bank failed in its duty to report accurate credit information to the credit reporting agencies (Count I) and failed in its duty to include a notation that Plaintiff's account was in dispute (Count II). Both of these duties are found in ¶ 1681s-2(a). The FCRA, however, clearly states that the provision authorizing civil liability for willful and negligent compliance does not apply to § 1681s-2(a) and limits the enforcement of the subparagraph to "Federal agencies and officials and the State officials identified in that section." §§ 1681s-2(c) and (d). *See also Ayers v. Equifax Info. Servs.*, 2003 U.S. Dist. LEXIS 23271 (E.D. Va. 2003) (unpublished - copy attached as Exhibit A) (noting that § 1681s-2(c) "eliminates the availability of direct remedies to consumers

5

by making §§1681n and 1681o inapplicable to violations of subsection (a)."); *Fino v. Key Bank*, 2001 U.S. Dist. LEXIS 24357 (W.D. Pa. 2001) (unpublished-copy attached as Exhibit B) (adopting magistrate judge's recommendation for dismissal of claims because no private right of action for violation of § 1681s-2(a)).

Plaintiff filed this action in his individual capacity and is neither a federal or state official. Plaintiff, therefore, lacks standing to bring a claim based on violations of §1681s-2(a).

      2.      **Plaintiff failed to allege that the Bank received notice of dispute.**

Plaintiff has not expressly alleged a claim for violation of 15 U.S.C. § 1681s-2(b), but to the extent that the Complaint can be interpreted to include such a claim, it also fails. A furnisher has no obligation to investigate under 15 U.S.C. § 1681s-2(b) until it receives notice of a dispute from a consumer reporting agency pursuant to § 1681i(a)(2). *See* § 1681s-2(b). The notice must be sent to the furnisher of information within five business days of the consumer reporting agency's receipt of the notice from the consumer and consist of "all relevant information regarding the dispute that the agency has received from the consumer. 15 U.S.C. § 1681i(a)(2).

Courts will not hesitate to dismiss actions if a consumer fails to plead or prove that the furnisher received proper notice. *See, e.g., Kennedy v. Victoria's Secret Stores, Inc.*, 2004 U.S. Dist. LEXIS 19525 (E.D. La. 2004) (unpublished – attached as Exhibit C) (dismissing plaintiff's claims because they failed to allege that the notice element of § 1681s-2(b) was satisfied); *Gibbs v. SLM Corp.*, 336 F. Supp. 2d 1 (D. Mass. 2004) (adopting magistrate judge's recommendations and dismissing because plaintiff failed to allege that the notice element of § 1681s-2(b) was satisfied); *Bank One, N.A. v. Colley*, 294 F. Supp. 2d 864 (M.D. La. 2003) ("The statutory language of this section makes clear that the duties created by § 1681s-2(b) do not arise until the furnisher of information receives notice from a consumer reporting agency . . . that a consumer is

disputing credit information.); *Densmore v. GMAC*, 2003 U.S. Dist. LEXIS 16901 (N.D. Il. 2003) (unpublished - attached as Exhibit D) ("Notice is critical as a furnisher of information, such as GMAC, only has a duty to investigate if it receives notice of a dispute from a consumer reporting agency."); *Aklagi v. Nationscredit Fin. Servs. Corp.*, 196 F. Supp. 2d 1186 (D. Kan. 2002) (awarding defendant summary judgment because plaintiff produced no evidence that defendant received proper notice from consumer reporting agency); *Smith v. Citibank, N.A.*, 2001 U.S. Dist. LEXIS 25047 (W.D. Mis. 2001) (unpublished - attached as Exhibit E) ("Because the duty to investigate was not triggered, there cannot be a breach of that duty.").

Plaintiff's Complaint lacks even the most basic allegations evincing compliance with the requisite FCRA notice procedure. In fact, based on the Complaint, it does not appear that Plaintiff ever notified the credit reporting agencies of the dispute. Without notice from Plaintiff, the credit reporting agencies would have no duty to forward the dispute to the Bank and request that the Bank conduct an investigation. Assuming, however, that Plaintiff notified the credit reporting agencies of the dispute, there is no allegation that any of the credit reporting agencies complied with the FCRA and forwarded the dispute to the Bank, much less whether it was done in a manner consistent with the FCRA. The Bank did not have a duty pursuant to the FCRA to investigate Plaintiff's dispute because Plaintiff failed to give proper notice of the dispute. Accordingly, Counts I and II of the Complaint should be dismissed.

**B.     PLAINTIFF'S CLAIM FOR DEFAMATION SHOULD BE DISMISSED**

In Count IV of the Complaint, Plaintiff alleges that the Bank erroneously published to the credit reporting agencies a trade line indicating that Plaintiff's account was "charged off" with an outstanding balance of $333. (Compl. at ¶ 38). Plaintiff's claim should be dismissed because it

is clear from the facts alleged that it is preempted by the FCRA, and that any statements by the Bank are protected by a qualified privilege.[1]

### 1. **Plaintiff's defamation claim is preempted by the Fair Credit Reporting Act.**

State law claims resulting from false information in credit reports are largely preempted by the FCRA. Section 1681h(e) of FCRA reads:

> (e) Limitation of liability
> Except as provided in sections 1681n and 1681o of this title, no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency … except as to false information furnished with malice or willful intent to injure such consumer.

15 U.S.C. § 1681h(e); *see also Wilson v. Prudential Financial*, 2004 U.S. Dist. LEXIS 21786 (D.D.C. 2004) (unpublished – attached as Exhibit F) (dismissing plaintiff's defamation claim as preempted). The Bank is a "person who furnishes information to a consumer reporting agency." Therefore, defamation claims brought against the Bank for furnishing such information must meet the standard of "malice or willful intent to injure" as stated in the FCRA . *See, e.g., Jeffery v. Tans Union, LLC*, 273 F. Supp. 2d 725 (E.D. Va. 2003); *Beattie v. NationsCredit Fin. Servs. Corp*. 69 Fed. Appx. 585, 2003 U.S. App. LEXIS 10451 (4th Cir. 2003) (unpublished – attached as Exhibit G) (finding defendant's reporting of derogatory credit information was not made with malice because the statement was, at least in defendant's view, accurate).

Plaintiff cannot in good faith allege that the Bank acted with "malice or willful intent to injure." Although he uses to appropriate buzz words, Plaintiff has not alleged sufficient facts from which to draw such a conclusion. In fact, in a letter, attached to the Complaint as Exhibit

---

[1] Plaintiff alleges that the Bank reported the allegedly defamatory trade line between "July 7, 2003 and present." (Compl. at ¶ 38). As the state of limitations is one year from publication, Plaintiff may not recover for any trade lines that were published before March 15, 2005. DC Code § 12-301; *see also Oparaugo v. Watts*, 884 A.2d 63, 72-73 (D.C. 2005)

A, the Bank confirmed that Plaintiff's account was paid in full. The letter suggests that the Bank had no malice or willful intent to injure but, in fact, attempted to assist Plaintiff with his dispute. Accordingly, Plaintiffs' defamation claim is preempted by the Fair Credit Reporting Act and therefore must be dismissed.

## 2. The Bank's Statements are Entitled to a Qualified Privilege.

Even if the FRCA did not apply, Plaintiff's defamation claim fails because the Bank's statements, in the form of credit information trade lines, are entitled to a qualified privilege. *See, e.g., Heard v. Johnson*, 810 A.2d 871, 886 (D.C. 2002) ("To be qualifiedly privileged the communication must be one made in good faith upon a subject matter in which the party communicating has an interest or in reference to which he has, or honestly believes he has, a duty to a person having a corresponding interest or duty . . . .") (*citing Crowley v. North American Telecomms. Ass'n*., 691 A.2d 1169, 1173 (D.C. 1997)). Furnishers of information, such as the Bank, clearly have an interest in and a legal duty to report information regarding consumers to the credit reporting agencies, who also possess the same interests and duties. Thus, the Bank's statements to the credit reporting agencies are protected by a qualified privilege.

A plaintiff must prove actual malice to overcome the qualified privilege defense. *Heard*, 810 A.2d at 886 ("[I]f the language of the communication, and the circumstances attending its publication . . . are as consistent with the nonexistence of malice as with its existence, there is no issue for the jury, and it is the duty of the trial court to direct a verdict for the defendant.") (*citing May Dep't Stores Co. v. Devercelli*, 314 A.2d 767, 774 (D.C. 1973). As stated above, Plaintiff has not alleged any facts sufficient to support the conclusion that the Bank acted with malice when it reported the trade line to the credit reporting agencies. For this reason also, Plaintiff's claim for defamation should be dismissed.

**C.   PLAINTIFF'S CLAIM FOR NEGLIGENCE SHOULD BE DISMISSED**

In Count V, Plaintiff alleges that the Bank "negligently violated" its "duty of reasonable care" by continuing to report to the credit reporting agencies the trade line reflecting the charge off and outstanding balance. (Compl. at ¶ 47).  Similar to Plaintiff's defamation claim, Plaintiff's negligence claim is preempted by the FCRA.

As noted above, the FCRA preempts common law claims unless the furnisher provided the consumer reporting agencies information with "malice or willful intent to injure the consumer." 15 U.S.C. § 1681h(e).  Interestingly, Plaintiff relies on and quotes the FCRA in support of his claim for negligence.  (Compl. at ¶ 45).  Plaintiff, however, has not alleged, nor can he in good faith allege, that the Bank acted with malice or a willful intent to injure by continuing to report the trade line.  Accordingly, Plaintiff's claim for negligence should be dismissed.

**D.   PLAINTIFF'S CLAIM FOR LOSS OF OPPORTUNITY SHOULD BE DISMISSED**

Plaintiff alleges that as a result of the Bank's actions, he was "unable to secure favorable credit privileges" to lease a vehicle. (Compl. at ¶ 33).  Plaintiff has not articulated a cause of action and his allegations amount to nothing more than a restatement of his purported damages.  In fact, there exists no published District of Columbia case law to suggest that this Court should recognize such a cause of action.  It is clear from the Complaint that Plaintiff's "Loss of Opportunity" claim is an attempt to plead damages for emotional distress, which are not otherwise allowed pursuant to the FCRA.   Moreover, as discussed above, common law claims are preempted by the FCRA.  Accordingly, Count III of the Complaint should be dismissed.

10

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Complaint should be dismissed with prejudice and the Bank awarded its costs and fees, and any other relief the Court deems appropriate.

.

                                      BANK OF AMERICA, N.A.


                                      By:  /s/ Tameka M. Collier
                                                Of Counsel

Mary Catherine Zinsner, DC Bar No. 430091
Tameka M. Collier, DC Bar No. 488979
TROUTMAN SANDERS LLP
1660 International Drive
Suite 600
McLean, Virginia  22102
Telephone:  (703) 734-4334
Facsimile:  (703) 734-4340

*Counsel for Bank of America, N.A.*


## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of April 2006, a true and accurate copy of the foregoing document was served by first class mail, postage prepaid to:

        Obidimkpa U. Ikezuagu, *Pro Se*
        3416 Park Place, NW
        Washington, D.C.  20010


                                        /s/ Tameka M. Collier

#284869v1