IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OBIDIMKPA U. IKEZUAGU, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BANK OF AMERICA, N.A., )<br>)<br>Defendant. ) | Civil No. 1:06cv00634 (GK) |

**DEFENDANT'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF**

Defendant Bank of America, N.A. ("the Bank"), by counsel, pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, propounds its first interrogatories and requests for production of documents to plaintiff Obidimkpa U. Ikezuagu ("Plaintiff").

**DEFINITIONS AND INSTRUCTIONS**

1. The term "document" or "documents" shall be given the fullest interpretation allowable under Rule 26 of the Federal Rules of Civil Procedure. Without limiting the foregoing, "documents" means any form of data compilation, including written, printed, typed, drawn, punched, taped, filmed, recorded, electronically stored, or graphic matter, that you possess, control, or have custody of, or have the right to obtain upon request or demand. This definition includes all copies, reproductions, or facsimiles of documents by whatever means made. If copies of a document are not identical for any reason, including handwritten notations, initials or identification marks, each nonidentical copy is a separate document within the meaning of this definition.

2. "You" and "your" shall include the person to whom these discovery requests are directed regardless of whether he is acting in an individual or representative capacity, and all of his affiliates, agents, attorneys or other representatives.

3. You shall answer the discovery requests based on his knowledge and/or experience.

4. If you withhold under the claim of privilege any documents covered by these Requests, you are requested to furnish a list specifying each document for which the privilege is claimed, together with the following information, where appropriate, with respect to each such document: date, author, recipient, persons to whom copies were furnished, basis on which the privilege is claimed, the paragraph or subparagraph of this request to which each document responds, and sufficient description of the subject matter of the document (without disclosing its contents) to allow its description to the court for a ruling on the claim of privilege.

5. For each requested document that is no longer in existence or which cannot be located, identify the document, state when and how it passed out of existence or why it can no longer be located and the reasons therefor, and identify each person having knowledge concerning such document and what has happened to it.

6. "Identify" shall mean

    (a) with respect to a natural person:

        (1) to state his or her full name;

        (2) to state his or her home telephone number and home address with sufficient specificity to permit service of process thereon; and

        (3) to state his or her business telephone number and business address with sufficient specificity to permit service of process thereon;

    (b) with respect to a corporation, partnership or other business entity:

    (1) to state the name of the corporation, partnership or other business entity;

    (2) to state such entity's president, general partners or other owners;

    (3) to state such entity's business address; and

    (4) to identify such entity's registered and/or statutory agent for service of process.

  7. The term "describe" means explain the requested facts and/or statements fully, setting forth the time and place and describing the circumstances, naming persons with knowledge of the facts or statements, and describing the facts and/or statements as objectively and completely (and in the case of statements, as nearly verbatim) as possible.

  8. These Interrogatories and Requests are continuing in nature, and you are required to supplement your answers and responses upon receipt of any information by you or your counsel that would permit you to answer questions not answered or to alter or add to questions already answered. Supplementary answers are to be provided as soon as they become known to you or to your counsel.

  9. Each of these definitions and instructions shall be fully applicable to each Interrogatory, notwithstanding that a definition or instruction above may in whole or in part be reiterated in a particular Interrogatory or Request or a particular Interrogatory or Request may incorporate supplemental instructions or definitions.

## INTERROGATORIES

1.   Set forth your full name, home and business addresses, job title, social security number, and date of birth.

**ANSWER:**

2.   Identify each person likely to have knowledge or information that is relevant to disputed facts, or which bears significantly on the facts alleged in the Complaint, or on your answers to these Interrogatories, and for each person identified provide a summary of such person's knowledge or information, state whether such person has been interviewed by you, your attorneys or agents concerning the matters alleged in the Complaint, and state whether a statement by such person concerning the allegations in the Complaint is memorialized in any writing and, if so, identify the writing.

**ANSWER:**

3.   Identify each and every person who you expect to call as an expert witness at trial, and, as to each person identified state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion. If any of these opinions have been reduced to writing, identify a copy of each writing and of each and every note, source, document or other thing considered or reviewed by each such expert in reaching his or her opinion.

4

**ANSWER:**

4. Describe in detail the basis for your claim that the Bank violated the Fair Credit Reporting Act (the "Act"), and include in your answer each provision of the Act you allege the Bank violated.

**ANSWER:**

5. Describe in detail the basis for your claim for "loss of opportunity" in Count III, including but not limited to, what opportunities were lost, the date of loss, what action or inaction by the Bank you allege caused the loss, and any damages you suffered as a result.

**ANSWER:**

6. Describe in detail the basis for your claim for defamation in Count IV, including but not limited to, identifying the defamatory statements, the date of publication of the defamatory statements, the identity of the individuals to whom the defamatory statements were published, and any damages you suffered as a result.

**ANSWER:**

7. Describe in detail the basis for your claim for negligence in Count V, including but not limited to, identifying the action or inaction by the Bank you allege to

be negligent, the duties owed to you by the Bank, and any damages you suffered as a result.

**ANSWER:**


8.  Describe in detail each and every communication you or anyone acting on your behalf had with the Bank regarding the loan identified in the Complaint, including but not limited to, the date, nature and substance of the communication, and the name of the individuals with whom you communicated. If the communications were written, identify to what address the communication was sent. If the communication was verbal, identify the location of the Bank branch in which the communication occurred or the telephone number called.

**ANSWER:**


9.  Describe in detail each and every communication you or anyone acting on your behalf had with Experian, Trans Union, Equifax, Inc. or any other credit reporting agency regarding the loan identified in the Complaint, including but not limited to, the date, nature and substance of the communication, and the name of the individuals with whom you communicated. If the communications were written, identify to what address the communication was sent. If the communication was verbal, identify the location of the office in which the communication occurred or the telephone number called.

**ANSWER:**

10. Describe in detail "the standard dispute process" that you followed as alleged in Paragraph 7 of the Complaint.

**ANSWER:**


11. Describe in detail any alleged agreement by the Bank to accept less than the full monthly payment due and/or to forbear collection activities for the loan described in the Complaint. Include as part of your answer the name of the Bank employee who allegedly made the agreement, the date of the agreement, the content of the agreement, and the manner in which the agreement was communicated.

**ANSWER:**


12. Identify and describe each and every way in which you allege to have been damaged by the actions or inaction of the Bank, and as part of your answer identify all persons having knowledge of such facts (and state the facts of which each person is aware) and all documents relating in any way thereto, and state the amount of compensation that you believe you are entitled to for each element of damage or injury..

**ANSWER:**


13. If you are claiming damages for physical injury, emotional distress, and/or mental anguish as part of this lawsuit, describe with particularity all facts, conditions, and symptoms which you believe are manifestations of your alleged physical injury, emotional distress, and/or mental anguish, and as part of your answer identify all persons with knowledge of such facts, conditions and symptoms (and the facts known by each

7

such person) and all documents relating to such facts, conditions and symptoms.

**ANSWER:**

14. If you are claiming damages for physical injury, emotional distress, and/or mental anguish as part of this lawsuit, identify each physician, psychiatrist, psychologist, psychotherapist, or any other type of health care provider or counselor who you have had an appointment with or been treated by and the dates of such appointment/treatment, and describe the reason for such appointment or treatment and the treatment you received including any prescribed medication, and identify all documents relating to such appointment or treatment.

**ANSWER:**

15. If you have been denied an extension of credit or an extension of credit under the most favorable terms since January 1, 2003, describe in detail all facts in support of such denial and as part of your answer identify the individual or entity that denied you credit, the date of the credit denial, the reasons for the credit denial and all persons having knowledge of the facts relating to the credit denial and all documents relating in any way thereto.

**ANSWER:**

16. Identify all payments made to the Bank for the loan that is the subject of this action. For each payment, include the date, amount and form of payment and the manner in which the payment was transmitted.

8

**ANSWER:**


17.   Identify all individuals who participated in the drafting of the Complaint and/or provided information for your answers to Interrogatories.

**ANSWER:**


## DOCUMENT REQUESTS

1.   Any and all documents identified in your responses to the Bank's Interrogatories to Plaintiff.

2.   Any and all documents relating in any way to denial of an extension of credit to you under the most favorable terms and/or rates.

3.   Any and all documents relating to your credit history from 2001 to the present, including but not limited to credit reports.

4.   Any and all account statements, bills, coupons, or request for payments, for the loan that is the subject of this action.

5.   Any and all documents containing or relating in any way to communications between you or any of your representatives, or attorneys and the Bank or any of its representatives, employees, or attorneys.

6.   Any and all documents containing or relating in any way to communications between you or any of your representatives, or attorneys and Experian, Trans Union, Equifax, Inc. or any other credit reporting agency relating to the Bank or the reporting of the loan that is the subject of this action.

9

7. Any and all documents relating to the Bank given to you by any third party.

8. Any and all documents provided to, or received from, any person you may use as an expert witness in this matter.

9. Any and all documents received from third parties pursuant to subpoena.

10. Any and all documents relating to the loan that is the subject of this action.

11. Any and all documents relating in any way to the Bank's alleged violations of the Fair Credit Reporting Act.

12. Any and all documents relating in any way to your alleged "loss of opportunity."

13. Any and all documents relating in any way to the Bank's alleged negligence.

14. Any and all documents relating in any way to your claims for defamation.

15. Any and all documents relating in any way to your claims for damages.

16. Any and all documents, including but not limited to diaries and calendars, evidencing your actions and/or state of mind regarding the allegations in the Complaint.

BANK OF AMERICA, N.A.

By _____
Of Counsel

Mary Catherine Zinsner (DC Bar No. 430091)
Tameka M. Collier (DC Bar No. 488979)
TROUTMAN SANDERS LLP
1660 International Drive, Suite 600

McLean, Virginia 22102-3805
Telephone: (703) 734-4334
Facsimile: (703) 734-4340

Counsel for Bank of America, N.A.

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of August, 2006, a copy of the foregoing document was sent by first-class mail, postage prepaid, to:

Obidimkpa U. Ikezuagu
3416 Park Place NW
Washington, DC 20010

_____
Tameka M. Collier

#298911v1