IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

OBIDIMKPA U. IKEZUAGU,          )
                               )
            Plaintiff,          )
                               )
v.                             )          Civil No. 1:06cv00634 (GK)
                               )          Next Calendar Event: 10/1/06
BANK OF AMERICA, N.A.,          )          Opponent's R. 29(a)(2) statements
                               )
            Defendant.          )

## BANK OF AMERICA, N.A.'S MOTION TO DISMISS

Defendant Bank of America, N.A. ("Defendant" or the "Bank"), by counsel, pursuant to Rule 41 of the Federal Rules of Civil Procedure, moves to dismiss the Complaint filed by Plaintiff Obidimkpa U. Ikezuagu ("Plaintiff"). In support of this motion, the Bank states:

1.      Plaintiff failed to serve Initial Disclosures as directed by the Court in its Scheduling Order entered on May 26, 2006 ('Scheduling Order").

2.      Plaintiff failed to serve its Witness List as directed by the Court in the Scheduling Order.

3.      Plaintiff failed to notify the Court whether he had retained counsel as directed by the Court in the Scheduling Order.

4.      Plaintiff failed to object to, answer or otherwise respond to Defendant's First Set of Interrogatories and Request for Production of Documents to Plaintiff.

In further support of this motion, the Bank relies on its supporting memorandum filed contemporaneously with this motion.

WHEREFORE, the Bank requests that Plaintiff's Complaint should be dismissed with prejudice and the Bank awarded its costs and fees, and any other relief the Court deems appropriate.

BANK OF AMERICA, N.A.


By: /s/ Tameka M. Collier


Mary Catherine Zinsner, DC Bar No. 430091
Tameka M. Collier, DC Bar No. 488979
TROUTMAN SANDERS LLP
1660 International Drive
Suite 600
McLean, Virginia  22102
Telephone:  (703) 734-4334
Facsimile:  (703) 734-4340

*Counsel for Bank of America, N.A.*


## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of September 2006, a true and accurate copy of the foregoing document was served by first class mail, postage prepaid to:

Obidimkpa U. Ikezuagu, *Pro Se*
3416 Park Place, NW
Washington, D.C.  20010


/s/ Tameka M. Collier


#1034355v1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

OBIDIMKPA U. IKEZUAGU,                   )
                                          )
              Plaintiff,                   )
                                          )
v.                                        )          Civil No. 1:06cv00634 (GK)
                                          )          Next Calendar Event: 10/1/06
BANK OF AMERICA, N.A.,                    )          Opponent's R. 29(a)(2) statements
                                          )
              Defendant.                   )

## MEMORANDUM IN SUPPORT OF BANK OF AMERICA, N.A.'S MOTION TO DISMISS

Defendant Bank of America, N.A. ("Defendant" or the "Bank"), by counsel, submits the following memorandum in support of its motion to dismiss the Complaint filed by Plaintiff Obidimkpa U. Ikezuagu ("Plaintiff).

## I. PRELIMINARY STATEMENT

Plaintiff filed a Complaint in the Superior Court for the District of Columbia on March 15, 2006, in which he seeks statutory, compensatory and punitive damages, and asserts several statutory and common law claims against the Bank. The Bank removed the action to this Court and filed a Motion to Dismiss for failure to state a cognizable cause of action. The Bank's Motion to Dismiss is still pending. The Court entered a Scheduling Order on May 26, 2006, detailing the applicable deadlines for this action. A copy of the Scheduling Order is attached hereto as Exhibit 1. On June 26, 2006, Plaintiff filed a Motion for Appointed Counsel which was denied by the Court the following day. On August 15, 2006, the Bank propounded Defendant's First Set of Interrogatories and Request for Production of Documents to Plaintiff ("Discovery Requests"). A copy of the Discovery Requests is attached hereto as Exhibit 2.

As detailed below, since the entry of the Court order denying Plaintiff's motion to appoint counsel, Plaintiff has ignored the discovery deadlines imposed by the Court and the Federal and Local Rules and has otherwise completely failed to prosecute this action. Plaintiff's inexcusable neglect has resulted in extreme prejudice to the Bank and has rendered Plaintiff incapable of meeting his burden of proof at trial.

## II. ARGUMENT

As memorialized in Rule 41, a court may dismiss a complaint because of a plaintiff's failure "prosecute or to comply with [the Federal Rules of Civil Procedure] or any order of court." Fed. R. Civ. P. 41(b). In determining whether an involuntary dismissal is appropriate, courts consider: 1) the effect of the plaintiff's conduct on the court's docket; 2) resulting prejudice to defendant; and 3) whether deterrence "is necessary to protect the integrity of the judicial system." *Spiegel v. Leavitt*, 224 F.R.D. 17, 20 (D.D.C. 2004) (quoting *Bristol Petroleum Corp. v. Harris*, 901 F.2d 165, 167 (D.C. Cir. 1990) (affirming dismissal pursuant to Rule 41(b) for plaintiff's failure to appear at status conference with counsel)). "The Supreme Court has long made clear that a district court need not relinquish control of its docket to a party who repeatedly fails to comply with the court's procedures." *Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 101 F.3d 145, 151 (D.C. Cir. 1996); *see also Stella v. Mineta*, 231 F.R.D. 44 (D.D.C. 2005) (dismissing complaint pursuant to Rule 41(b) based on six instances of Plaintiff's non-compliance with the rules and orders of the court).

In this case, Plaintiff has demonstrated an utter disregard for the orders and procedures of this Court and the Federal and Local Rules under which this Court operates. Specifically:

- The Court ordered Plaintiff to "by July 1, 2006, notify the Court whether he has retained counsel or not." Plaintiff failed to do so.

- The Court ordered the parties to serve initial disclosures by July 15, 2006. Plaintiff failed to serve Initial Disclosures and failed to seek an extension of time in which to do so.

- The Court ordered the parties to exchange witness lists on August 1, 2006. Plaintiff failed to serve his witness list and failed to seek an extension of time in which to do so.

- The Court ordered the parties to propound any written discovery on or before August 15, 2006, including any Rule 26(a) mandatory disclosures which had not been fully satisfied. Again, Plaintiff failed to serve Initial Disclosures or Witness Lists both of which are required by Rule 26(a).

- Pursuant to Rules 33 and 34, Plaintiff was required to object, answer or otherwise respond on or before September 18, 2006, to the Discovery Requests propounded by the Bank. Plaintiff failed to do so and further failed to seek an extension of time to respond.

Plaintiff's Complaint should be dismissed as his inexcusable neglect has and will continue to burden this Court's docket. The Court has scheduled a status conference for November 6, 2006 at which time the parties are expected to "advise the Court of the expected length of trial and of the number of fact and expert witnesses that party will present." Scheduling Order at 2. The parties will be unable to provide the Court with this information due to Plaintiff's failure to participate in the discovery process. In fact, should this action proceed, all of the deadlines would need to be extended, and motions would need to be filed and ruled upon, to require the Plaintiff to provide the Bank with its mandatory disclosures and answers to the Discovery Requests.

The Bank has and will continue to suffer prejudice as a result of Plaintiff's inaction. The Bank filed a dispositive motion but has also abided by every deadline imposed by the Court, including serving Initial Disclosures, Witness Lists and propounding Discovery Requests. The

Bank, however, is unable to properly investigate Plaintiff's allegations and defend itself at trial because Plaintiff has failed to disclose witnesses, provide documents or otherwise answer the Discovery Requests.

Plaintiff's inaction has rendered him incapable of meeting his burden of proof at trial and thus a lesser sanction would not serve the interests of justice. Plaintiff has not designated any witnesses or produced any documents. Further, Plaintiff has not propounded any written discovery or designated any experts and the deadlines to do so have passed. Without witnesses and documents, Plaintiff will be unable to establish any relationship with and duty owed by the Bank. Without witnesses and documents, Plaintiff will be unable to establish any action or inaction by the Bank that constitutes violations of any federal or common law. Finally, without witnesses and documents, Plaintiff will be unable to establish any damages allegedly resulting from the Bank's action or inaction. To allow Plaintiff's action to continue under these circumstances would not serve the interest of justice.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Complaint should be dismissed with prejudice and the Bank awarded its costs and fees, and any other relief the Court deems appropriate.

BANK OF AMERICA, N.A.


By: /s/ Tameka M. Collier_____
                    Of Counsel


Mary Catherine Zinsner, DC Bar No. 430091
Tameka M. Collier, DC Bar No. 488979

TROUTMAN SANDERS LLP
1660 International Drive
Suite 600
McLean, Virginia  22102
Telephone:  (703) 734-4334
Facsimile:  (703) 734-4340

*Counsel for Bank of America, N.A.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of September 2006, a true and accurate copy of the

foregoing document was served by first class mail, postage prepaid to:

> Obidimkpa U. Ikezuagu, *Pro Se*
> 3416 Park Place, NW
> Washington, D.C.  20010

/s/ Tameka M. Collier

1034359